## COFFEY v. UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE·
DISTRICT OF KENTUCKY.    PETITION FOR REHEARING.

Petition received March 1, 1886.—Decided March 15, 1886.

The pleadings in a suit *in rem* brought by the United States, in a Circuit Court
of the United States in Kentucky, for the forfeiture of property after its
seizure for the violation of the internal revenue laws, are not required by
section 914 of the Revised Statutes, to be governed by the statute of Ken-
tucky in regard to pleadings in civil actions ; but are to be, as before the
enactment of section 914, according to the course in Admiralty.

This was a petition for a rehearing of the cause reported
116 U. S. 427. The case is stated in the opinion of the court.

*Mr. Samuel McKee* for petitioner.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

On the 18th of January last, a decision was made in this case,
116 U. S. 427, affirming the judgment below, rendered on an
information *in rem*, filed for the forfeiture to the United
States of certain personal property seized for a violation of the
internal revenue laws. There was a trial by jury and a verdict
for the United States. The claimant, in his answer, had set up
in bar, that a criminal information had been filed against him,
in the same court, alleging as offences the same matters aver-
red in the information in the civil suit, and that he had pleaded
guilty and been adjudged to pay a fine. There was no demur-
rer or reply to this answer. After verdict, the claimant moved
in arrest of judgment, alleging as cause the judgment in the
criminal proceeding, but the motion was overruled. There
was no bill of exceptions, and no exception to the overruling of
the motion.

On the hearing in this court, the claimant contended that, as
there was no traverse of the answer, it must be taken to be true.
But this court held that no reply or replication to the answer
was necessary to raise an issue of fact on the matters averred
in it; that the proceedings, so far as the pleadings were con-

cerned, were kindred to those in a suit in Admiralty *in rem;* that the general rules of pleading in regard to Admiralty suits *in rem* apply to suits *in rem* for a forfeiture, brought by the United States, after a seizure on land, as laid down in the cases of *The Sarah*, 8 Wheat. 391, *Union Ins. Co.* v. *United States*, 6 Wall. 759, 765, *Armstrong's Foundry*, 6 Wall. 766, 769, and *Morris' Cotton*, 8 Wall. 507, 511; that Rule 22 of the Rules in Admiralty prescribes regulations for the form of informations and libels of information on seizures for the breach of the laws of the United States on land or water; that by Rule 51 in Admiralty, new matter in an answer is considered as denied by the libellant; that the issue of fact as to the former conviction must be held to have been found against the claimant, by the general verdict; and that no question in regard to the defence set up could be raised.

An application is now made by the claimant for a rehearing, on the ground that, as to the pleadings, the case must be governed by section 914 of the Revised Statutes, which is a re-enactment of § 5 of the act of June 1, 1872, ch. 255, 17 Stat. 197, and is in these words: " The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and Admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the Courts of record of the State within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding." It is urged that this is a civil cause, but not an equity or an Admiralty cause, and that the provisions of sections 126 and 386 of the Civil Code of Practice of Kentucky, which took effect January 1, 1877, apply to it. Those sections are as follows: "§ 126 [153]. Every material allegation of a pleading must, for the purposes of the action, be taken as true, unless specifically traversed." "§ 386 [416]. Judgment shall be given for the party whom the pleadings entitle thereto, though there may have been a verdict against him."

The practice as to the pleadings in suits *in rem* like the present having been well settled prior to the passage of the act of June 1st, 1872, the question is, whether it was changed by that

act. In *Union Ins. Co.* v. *United States*, 6 Wall. 759, 764, where land was seized and proceeded against as forfeited to the United States under a confiscation act, it was held, that, while either party had a right to demand a trial by jury, the proceedings were to be "in general conformity to the course in Admiralty." A like ruling was made, in a like case, in *Armstrong's Foundry*, 6 Wall. 766, 769; and in a case of the seizure of personal property on land, in *Morris' Cotton*, 8 Wall, 507, 511. Section 914 prescribes a conformity to the practice in the courts of the State only "as near as may be," and only "in like causes." It is a proper construction of this section to hold, that, while the provisions of the Code of Kentucky in regard to pleadings in civil suits *in personam* apply to like causes in the Federal courts in Kentucky, they do not apply to suits *in rem* by the United States for the forfeiture of property, after its seizure, for the violation of a revenue law, because there are no "like causes" known to the laws of Kentucky. Such suits *in rem* are peculiar in their practice, pleadings, and forms of procedure, and, so long as there is ample scope for the operation of section 914 of the Revised Statutes in regard to civil suits *in personam*, and no intention is manifest to change the established practice in such suits *in rem*, and any change in practice is limited to "like causes," we must continue to regard the former practice as applicable to the present suit.

The question of the scope of operation of § 914 has been considered by this court in *Nudd* v. *Burrows*, 91 U. S. 426; *Indianapolis Railroad Co.* v. *Horst*, 93 U. S. 291; *Newcomb* v. *Wood*, 97 U. S. 584; and *Ex parte Fisk*, 113 U. S. 713. In *Newcomb* v. *Wood*, it was held that the section did not abrogate the established rule in the courts of the United States, that to grant or refuse a new trial was a matter of discretion, which could not be reviewed on a writ of error; and that a State law entitling a party to a second trial in an action to recover the value of personal property, did not entitle him to a second trial in such an action in a Federal court. No decision has been made by this court in conflict with the views above indicated as applicable to this case; and

*The application for a rehearing is denied.*