## UNITED STATES *v.* MOLLOY.

*(Circuit Court, E. D. Missouri, E. D.* April 20, 1887.)

1. VOTERS—FRAUDULENT REGISTRATION.

Where the state statutes require voters to appear before the register and take a prescribed oath before registering, it is an offense indictable under section 5512. Rev. St. U. S., for a recorder of voters to knowingly, willfully, and fraudulently enter in the registration books, or cause to be entered therein, the name of a person as a qualified voter who has not appeared before him and applied for registration, nor taken the oath required by law.

2. SAME.

Where the act is proved to have been done knowingly and willfully, and not merely through inadvertence or ignorance of official duty, a fraudulent motive may be inferred.

3. SAME—IGNORANCE AND INADVERTENCE.

To register a voter who has not appeared or taken the oath is not a criminal offense, however, if done without any fraudulent or criminal motive, but merely through inadvertence or ignorance of official duties, or of the manner in which they should be performed.

4. SAME—WRITING VOTER'S NAME.

The mere writing of a person's name in the registration books is in itself no offense if the person whose name is written appears and applies for registration, or takes the oath, and expressly or by necessary implication requests the officer to write his name.

5. SAME—DECEPTION OF REGISTER.

Where persons appear before a register and give false names or places of residence, and apply for registration under such names or from such places of residence, and the register is imposed upon and places their names upon the registration books as duly qualified voters, he is guilty of no offense.

6. CRIMINAL PRACTICE—ARRAIGNMENT AND PLEA.

Where a defendant was not arraigned and made no plea before the trial, but was identified, knew exactly the offense charged, denied the charge, went to trial on the denial, and went upon the witness stand and there denied the offense, and was convicted, *held*, that he was not entitled, under the federal statutes, to a new trial, because of the failure of the record to show an arraignment and plea, for the reason that the irregularity was a "defect or imperfection in matter of form only," within the meaning of section 1025, Rev. St. U. S., and did not tend to his prejudice.

7. SAME—EXPERT EVIDENCE.

The jury in a criminal case are not bound by expert evidence as to handwriting any further than it coincides with their own opinions, or than they think it deserves to be credited.

Indictment under Rev. St. U. S., § 5512, for fraudulent registration of voters in St. Louis, Missouri.

For Missouri statute relative to registration of voters in cities of over 1,000, see Sess. Laws Mo. 1883, p. 38.

There was no formal arraignment and plea.

*Thomas P. Bashaw*, for the United States.

*Naplon & Frost*, for defendant.

THAYER, J., (*charging jury.*) If the testimony in this case satisfies you beyond any reasonable doubt that this defendant was a deputy recorder of voters for the Twelfth ward of this city at the registration held last September, for the November election of the year 1886, and that as such recorder of voters, having the registration books in his custody, he "knowingly and willfully," and not merely through ignorance or inadvertence, entered therein, or caused to be entered in such books, the names of any of the persons named in this indictment, as though they were qualified and duly registered voters, when in point of fact such persons did not appear before him or apply for registration or take the oath required of voters, then you will find him guilty. You may infer that he was actuated by some evil or fraudulent motive, if he committed the act charged in this indictment "knowingly and willfully," and not merely through inadvertence or ignorance of his official duties. You may judge of the credibility of all of the witnesses, and give their testimony such weight as you think it deserves.

The testimony of the expert as to handwriting is simply an expression under oath of an opinion which he entertains, and you are not bound by it any further than it coincides with your own opinion based on the examination you have made of the handwriting in question, or than you think it deserves to be credited with on account of the experience he has had in comparing handwriting.

Now, on the other hand, you will give the defendant the full benefit of the presumption that he is an innocent man, and you will not convict him unless the government has proven the charge in the indictment beyond any fair or reasonable doubt; and even though you think that he wrote the names mentioned in the indictment, or caused some of them to be entered on the registration books, when the persons did not appear before him or take the oath, still you must not convict him if the

evidence satisfies you that he had no fraudulent or criminal motive in so doing, but that his act was merely the result of inadvertence or ignorance of his official duties, or ignorance of the manner in which those duties ought to be performed.

The mere writing of a person's name in the registration book by the registration officer is in itself no offense, if the person whose name is written appears before the registration officer and applies for registration, or takes the oath, and expressly or by necessary implication requests the officer to write his name. It is immaterial who writes the name. In other words, gentlemen, the offense laid in this indictment consists in the act of entering names of persons on the registration books who do not appear before the officer, or apply for registration or take any oath such as the law requires. If persons came before this defendant and gave false names and places of residence, and applied for registration under such assumed names or from false places of residence, and the defendant was imposed upon by such persons and in good faith administered the oath and placed their names on the registration books as qualified voters, and in that way some of the names mentioned in the indictment were placed upon the books, then the court directs you that you cannot convict the defendant by reason of any of his acts in respect to such names. If all the names in the indictment, as the defendant has testified, are names that were given to the defendant by persons who actually came before him and gave such names and their residences, and took the oath and applied for registration, and the defendant accepted them and placed their names on the books in good faith, that is, he being ignorant of any wrong-doing on the part of those persons making the application, (if there was any wrong-doing on their part,) then you must acquit him.

You can take the case.

The jury brought in a verdict of guilty.

---

A motion for a new trial was then filed, and the following opinion was delivered thereon:

BREWER, J., (*orally.*) While this case was not tried before me, yet I was present and heard the argument yesterday, which was before both of us, and the single question presented is one of law, so that I take part in the decision of that question, which is this: the record fails to show an arraignment and plea before the trial. It has been repeatedly decided by the supreme court of this state that a record which fails to show an arraignment and plea discloses such error as compels the granting of a new trial by that court. It is claimed that that line of decision expressing the settled law of this state is controlling in this court, and that we must therefore, following it, set aside this verdict. It is worthy of note, in the first place, that while that is the settled law of Missouri, it is

regarded by the supreme court of the state as a mere technicality in misdemeanor cases, and is followed simply because it has become a part of its body of law. In a recent case in 88 Mo. 105, (*State* v. *Vanhook*,) decided in 1885, the chief justice of the state, though adhering to the rule heretofore laid down, closes the opinion with this language: "After the jury is sworn and the trial proceeds, and all the testimony relates to the guilt or innocence of the accused in a misdemeanor case, it looks like trifling with justice to reverse the judgment, because the record fails to show an arraignment or plea of not guilty." Language which I think is a fair commentary in view of the statute of Missouri, (section 1821,) which declares: "But no new trial shall be granted"—for several reasons, the last of which is this—"nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Be that as it may, we have the federal statutes, and wherever there is a federal statute it controls irrespective of any state law or practice.

In the first place, it is well to consider what the purpose and necessity of an arraignment is. It is laid down in the old law books that three objects are to be subserved: (1) The identification of the defendant; (2) giving him information of the particular offense charged against him for which he is to be tried; and (3) to receive from him the plea which he makes to that charge. Now in the case, as tried, it is perfectly evident that the defendant knew exactly the offense charged against him; that he was identified; and that he denied the charge and went to trial upon that denial. Indeed, he went on the witness stand himself, and there denied it. It may seem something of an anomaly to say that proceedings may be such that in the trial court there is no evidence of prejudicial error when the record transferred to an appellate court may disclose such error. And yet, this matter of arraignment presents very much such a case. Where a record taken to the supreme court shows simply an indictment, a trial, and a conviction, there is nothing affirmatively appearing upon the face of the record from which that court can say that the defendant knew, prior to the impaneling of the jury, and prior to the trial, the exact nature of the charge against him. *Non constat* but that he went to trial supposing that the charge was one thing, and, after the testimony was introduced, discovered for the first time that he was being tried for another and different offense. And so, pursuing that thought, that court might say that the record disclosed error, because it failed to show, as one of the guaranties of his protection, that he knew, prior to the time his case was presented to the jury, the exact offense charged against him. But the trial court may have had, as my Brother THAYER had in this trial, the most abundant evidence that the defendant knew exactly the offense which was charged against him, and was prepared to go to trial upon it; and if he did, all that the arraignment subserves was accomplished; and to say that he should be entitled to a new trial for that omission would seem to be, as Chief Justice HENRY well says, "like trifling with justice."

But, further than that, we have the federal statute, which provides

(section 1025) that "no indictment found and presented by a grand jury," etc., * * * "nor shall the trial, judgment, or other proceedings thereon, be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." I am aware that, putting a narrow construction on that section, it might be said that it refers only to a defect in the form of the indictment; and yet it is obvious to my mind, from the whole tenor of the federal statutes, that it has, or was intended to have, a broader significance, and to declare that no mere irregularity or defect in the form of the proceedings which did not tend to the prejudice of the defendant should be ground for a new trial.

It is a well-known fact that by the common law, differing in that respect from the rule which obtains under the state statutes, an application for a new trial in civil cases presents no matter of right, but is simply an appeal to the discretion of the court, and, when that is exercised one way or the other, the decision is not subject to review. And that is the effect of the statutes of congress as interpreted by the decision of the supreme court, they holding in two or three late cases (*Railroad Co.* v. *Horst,* 93 U. S. 291; *Newcomb* v. *Wood,* 97 U. S. 584; *Coffey* v. *U. S.,* 117 U. S. 235, 6 Sup. Ct. Rep. 717,) that this matter of new trials in civil cases depending upon the discretion of the trial court is something which is settled by the law of congress, and cannot be affected by any state law. If it be true, as I think must be apparent to any one, that the failure to formally arraign the defendant in this case was not a matter which tended to his prejudice, that by that failure he was not deprived of a single substantial right, that he was not put to trial without full notice of that for which he was to be tried, that he was not caught by any surprise or in any other way, it would, as Chief Justice HENRY well says, seem to be "like trifling with justice" to disturb the solemn verdict of the jury, and send the case to a new jury to review the same facts on another trial.

So, by reason of the provisions of the federal statute determining the course of procedure in this court, although we recognize the fact that that is different from the rule which obtains in the state courts under the state statute, we agree that the motion for a new trial should be overruled, and it is so ordered.

THAYER, J. I concur in the ruling that the failure of the record to show a formal arraignment of the defendant is no ground, under the circumstances of this case, for granting a new trial. While the rule is firmly established in the state of Missouri that the court of last resort will award a new trial in all criminal cases, whether of felonies or misdemeanors, if the record fails to show a formal arraignment, (*State* v. *Vanhook,* 88 Mo. 105; *State* v. *Jaques,* 68 Mo. 260, and *State* v. *Saunders,* 53 Mo. 234,) yet I regard our action in this case as controlled by a federal statute. Section 1025, Rev. St. U. S., provides that "no indictment found shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected, by reason of any defect or imperfection in matter of

form only, which shall not tend to the prejudice of the defendant." If this provision is to be given any effect as a curative statute, it fits the present case, and remedies the irregularity complained of. The defendant was present in court throughout the trial. The indictment was not only read in the defendant's presence, but he took the stand as a witness, and in that capacity denied substantially all of the material charges therein contained. The issue of not guilty was as clearly made before the jury as it could have been made by a formal arraignment and a formal entry on record of defendant's plea. In face of the statute above quoted, we cannot grant a new trial for an irregularity in the proceeding which could not possibly have tended to the defendant's prejudice. In this connection see *U. S.* v. *McKee,* 4 Dill. 1.