## HARRIS VS PATE.

Opinion rendered Sept. 26, 1907.

(104 S. W. Rep. 812).

1. *Bills—Writing—Notes.*

By the merchant law a written document reading "Kingston, Ind. Ter., July 16th, 1903. On or before Oct. 1, 1904, I, we, or either of us promises to pay to the order of B, $150, at K., for value received. And in case of legal proceedings on this note, or the same placed in the hands of an attorney for collection, I, we, or either of us agree to pay 10% additional on the amount. A. V. H., J. D. F." is a note.

2. *Same—Note Endorsed.*

A note which is endorsed for valuable consideration before maturity is not subject to defenses maker had against the original holder.

3. *Same—Action Brought—Proof. .*

The note containing indorsement to plaintiff being introduced in action on same, furnished prima facie proof that it had been given for a valuable consideration and indorsed in good faith before maturity and further proof being absent, plaintiff was entitled to judgment.

4. *Same.*

> The fact that the agent of indorsee in negotiating the indorsement knew there was no consideration for the note does not constitute defense.

Error to the United States Court for the Southern District of the Indian Territory; before Justice Hosea Townsend, November 9, 1906.

Action on a note by G. W. Pate against A. V. Harris. From a judgment of the commissioner's court for defendant, plaintiff appealed to the United States District Court; and from a judgment for plaintiff, defendant brings error.   Affirmed.

*Summers Hardy* and *William M. Franklin*, for plaintiff in error.

*E. D. Slough* and *J. O. Minter*, for defendant in error.

LAWRENCE, J.   Defendant in error brought his action in the United States Commissioner's Court against plaintiff in error upon a promissory note in the words and figures, following:

"KINGSTON, IND. TER., July 16th, 1903.

"On or before Oct. 1st, 1904, I, we, or either of us promises to pay to the order of Mrs. P. V. Brewster one hundred and fifty dollars, in Kingston, Ind. Ter., for value received. And in case of legal proceedings on this note, or the same placed in the hands of an attorney for collection I, we, or either of us agree to pay 10 per cent. additional on the amount.
"$150.00.                    A. V. HARRIS.

"J. D. FORTE."

Indorsed:

"This note is transferred by Mrs. P. V. Brewster to G. W. Pate.

"P. V. BREWSTER.

"Pay to the order of Bank of Helen for collection.

G. W. PATE."

Judgment was rendered in favor of this plaintiff in error in the commissioner's court, from which defendant in error appealed to the United States District Court, and was there tried to a jury; and the court at the close of the evidence, on its motion, directed verdict for the plaintiff in the original action, and the jury returned its verdict accordingly for $150 and interest at 6 per cent. per annum from October 1, 1904. Plaintiff in error moved for a new trial, setting forth the usual grounds, and the special cause of refusal by the court to give the following instructions on behalf of this plaintiff in error: "You are instructed that if you find from the evidence that the witness Martin was the agent of the plaintiff in negotiating the transfer of the note sued upon, and if you further find from the evidence that said witness Martin, as such agent for plaintiff, had full notice and knowledge of the failure of consideration in the note sued on, then you will find for the defendant, as notice to the agent in fact is notice in law to his principal." The motion was overruled, and judgment was rendered upon the verdict.

The bill of exception, made part of this record, shows that the defendant in error offered and read in evidence to the jury the said note and indorsements, and rested his case. It was admitted by the defendant in error, for the purpose of the trial, that the consideration of the note had failed. The plaintiff in error testified in his behalf that the note was given for rent of certain lands which the payee of the note claimed to own as a Mississippi Choctaw Indian, and shortly thereafter he was deprived of possession of the land. One Martin, a witness for defendant in error, testified that he assisted in making the trade for the note. "The payee told me that she wanted to trade it for a horse in August before the note was due. I saw defendant in error who had a horse for sale which suited Mrs. Brewster, the payee, and the trade was made between them, and she wrote the indorsement and delivered the note to Pate,

defendant in error, and thereupon he delivered the horse to her. Mrs. Brewster paid me and also Pate for my services." It was admitted by this plaintiff in error at the trial that the indorsee, Pate, had not any knowledge of the said failure of consideration at the time of the indorsement. It was also then and there stated by the attorney for plaintiff in open court: "Our theory is that this man Martin was the agent of plaintiff and that he had full knowledge, and that notice to the agent is notice to the principal." The errors assigned are a repetition of the causes for new trial, with the added alleged errors that the court erred in overruling the motion for new trial, and in rendering judgment for plaintiff.

The following statutory provisions are in force in this territory, and were at the time of the transaction in question: "All bonds, bills, notes, agreements, and contract in writing for the payment of money or property, or for both money and property, shall be assignable." Section 455, Ind. Ter. Ann. St. 1899. "Nothing contained in this act shall change the nature of the defense, or prevent the allowance of discounts or set-offs, either in law or equity, that any defendant may have against the original assignor previous to the assignment, or against the plaintiff or assignee after the assignment." Section 457, Ind. Ter. Ann. St. 1899. "Nothing in the preceding section shall apply to a bill of exchange or negotiable promissory note transferred in good faith and for value before maturity; but such instruments shall be governed in all respects by the rules of the law merchant concerning commercial and negotiable paper." Section 458, Ind. Ter. Ann. St. 1899.

The instrument in writing, the subject-matter of this action, is clearly a promissory note under the law merchant, and defined as follows: "An absolute promise in writing, signed but not sealed, to pay a certain specified sum at a time therein limited, or on demand, or at sight, to a person therein named or designated, or to his order, or to the bearer." Byles

on Bills, 5. The rule is so familiar as to require no citation of authority that a promissory note indorsed before maturity for a valuable consideration is not subject to any defenses which the maker may have had against the original holder. The introduction of the note in evidence was prima facie .for a valuable consideration, indorsed before maturity, in good faith, and in the absence of further proof entitled the holder, defendant in error, to judgment thereon. Being commercial, negotiable paper, the attempted defense was utterly futile, and had no objection to its introduction been made at the proper time, would have been excluded, and the court, properly, at the first opportunity, did exclude by instructing the jury to find a verdict for plaintiff, and rendering judgment for this defendant in error.

The writ of error is so clearly without merit that we order and direct that ——— per cent. be added as a penalty for delay under the rule provided for such cases, and that there shall be judgment accordingly.

Affirmed.

GILL, C. J., and CLAYTON, J., concur.