## M. RUMLEY CO. v. KOETTER.

No. 5871—Opinion Filed Dec. 14, 1915.

Rehearing Denied Feb. 4, 1919.

(178 Pac. 116.)

**Bills and Notes — Collateral — Defenses—Remedy—Privity.**

S. & S. negotiated with G. S. & Co., for the purchase of a threshing machine on credit, but were refused, unless they would procure farmers' notes in a certain amount to attach to their own as collateral. Defendant executed and delivered to S. & S. his negotiable promissory note, which was, before due, indorsed over to G. S. & Co., and the threshing machine delivered. In a suit on the note by G. S. & Co., defendant set up the above facts, and that, under an agreement between himself and S. & S., S. & S. were to thresh defendant's crop of wheat, and attempted to do so, but that the machine sold by G. S. & Co., was so inferior that it would not do good threshing, and finally broke down, and was useless, and caused defendant damage in excess of the note. Held, this showing of facts did not constitute a defense to the note.

(a) If the machine was not up to representations, or there was a breach of warranty, S. & S. alone could complain.

(b) If S. & S. damaged defendant in the performance of a contract between them alone, to thresh the wheat, defendant's remedy was against S. & S.

(c) There was no privity between defendant and G.-S. & Co. regarding the breach by S. & S. of their oral contract with defendant to thresh his wheat.

(Syllabus by Brewer, C.)

Error from County Court, Kingfisher County; R. F. Shutler, Judge.

Suit by Gaar-Scott & Co. against John Koetter. Judgment for defendant, and M. Rumely Company, successor to Garr-Scott & Co., brings error. Reversed and remanded, with directions to enter judgment for plaintiff.

Geo. L. Bowman, for plaintiff in error.

D. K. Cunningham, for defendant in error.

Opinion by BREWER, C. Garr-Scott & Co. brought this suit as plaintiffs below against John Koetter on an ordinary promissory note in the sum of $55, dated April 16, 1910, signed by John Koetter, the defendant, and made payable to Stephens & Scykes, and showing thereon an indorsement to Garr-Scott & Co. on the said payees, dated May 11, 1910. The petition also alleged that plaintiffs bought the note for value, in due course of business on the date of its indorsement, and are therefore purchasers in good faith, for value, and before maturity.

The defendant, for his answer and to avoid liability for payment of the note, sets up substantially that Stephens & Scykes, about the time of the execution of the note, negotiated with plaintiffs for the purchase of a threshing machine on credit; that plaintiffs would not sell them a machine on their own credit alone, but advised them that if they would procure notes from wheat farmers in the vicinity where the machine was to be used to a certain amount, to be attached as collateral to their own note given in payment of the machine, they would furnish it; and that Koetter therefore, and for the purpose of aiding Stephens & Scykes in purchasing the machine, executed the note in suit and delivered it to them, to be so used —all of which was well known to plaintiff. Defendant then avers that plaintiff failed to furnish to Stephens & Scykes a machine that would do good work; and that later on, when Stephens & Scykes undertook to do threshing for defendant, the machine, because of its imperfect qualities, would not properly thresh the wheat, and finally broke down and failed to work entirely, causing defendant damage in excess of the amount of the note.

At a trial, this defense was allowed to prevail, and plaintiffs below, during the course of the proceedings, having sold their interest in the lawsuit to M. Rumely Company, that company was substituted as plaintiff below, and brings the case here as plaintiff in error.

The ground alleged for reversal is: That the court erred in holding that either the pleadings or the proof was sufficient to show a defense to the note. We think plaintiff in error's point is well taken, and should be sustained.

Defendant executed his negotiable promissory note and gave it to Stephens & Scykes, to be used in strengthening their credit, so as to enable them to buy the threshing machine, evidently believing that it would be to the interest of himself, and to the community in general that had threshing to do. The note was transferred to plaintiff before it was due, and at a time when, according to defendant's own pleadings and proof, there was no defense that could have been urged against it, and no equities had arisen that could be asserted. If the machine was not up to the representations made to Stephens & Scykes, they alone could complain. If Stephens & Scykes failed to thresh defendant's wheat properly, under some contract between them so to do, and thereby caused him damage, they are responsible to him therefor; and such failure and such damage all occurred long after plaintiff had acquired the note. Under the showing made here, there was no privity between plaintiff in selling the machine, and Koetter, who gave his note to the purchasers thereof to bolster up their credit, relative to Koetter's claim that Stephens & Scykes had breached their oral contract to thresh his wheat.

This case is very similar to that of Terwilliger v. Richardson Mach. Co., 15 Okla. 664, 83 Pac. 715, and also to that of Page v. Geiser Mfg. Co., 17 Okla. 110, 87 Pac. 851. We quote from the first-named case the following:

"It is urged by counsel for plaintiffs in error that the consideration for which the note sued on having wholly failed, and, the company having received the same with knowledge of what the consideration was, it was not an innocent purchaser for value, and was not therefore entitled to recover in this action. This contention cannot be sustained. The note sued on was given by Terwilliger without condition expressed in the note. It was a plain note of hand for value received, due September 1st after its date, May 5th. The company demanded se-

curity for a time sale of certain threshing machinery sold to Pease, the purchaser, and Pease gave the security demanded, which was in part the note in question.

"Terwilliger executed it with full knowledge that it was to be delivered to the company as collateral security for the sale of the machinery about to be made to Pease. To that extent Terwilliger was a party to and induced the sale. The company may have known what consideration was moving from Pease to Terwilliger, and that the note was only a promise for a promise. The company, however, was not a party to any agreement between Terwilliger and Pease, except to the extent that, in consideration of the execution and delivery of Terwilliger's note as collateral, the machinery would be sold to Pease. This consideration was fully carried out by the company and when carried out Mr. Terwilliger was thereafter liable upon his contract. The company not being actually or impliedly a guarantor that Pease would perform his verbal agreement with Terwilliger, it cannot be held liable for his, Pease's failure to perform such agreement."

The facts being fully developed in this case, and the same wholly failing to show any defense to the note sued upon, this case should be reversed and remanded, with direction to the trial court to enter judgment for plaintiff in the amount of the note, together with the accrued interest and all costs.

By the Court: It is so ordered.