**WALKER et al. v. TRAYLOR ENGINEERING & MFG. CO.**

(Circuit Court of Appeals, Eighth Circuit. April 12, 1926.)

No. 6951.

1. Courts ⊂⊃374.

Questions of pleadings on motion for judgment thereon must be determined by laws of state.

2. Commerce ⊂⊃46—Oklahoma statute relating to foreign corporations doing business in state does not apply to corporations engaged in interstate commerce or to transactions therein.

Oklahoma statute relating to foreign corporations' right to do business in state does not apply to corporations engaged in interstate commerce or to transactions therein.

3. Corporations ⊂⊃672(4)—In foreign corporation's action on note, pleading of plaintiff's incapacity to sue due to failure to comply with state laws held insufficient.

In action against indorsers on note, answer alleging that plaintiff was a foreign corporation which had not complied with laws relating to doing business in state, and for that reason had not legal capacity to sue, held insufficient to raise such defense, in absence of allegation that transaction was intrastate one.

4. Bills and notes ⊂⊃226.

Want of consideration for indorsement is good defense against one who is not a holder in due course.

5. Bills and notes ⊂⊃338.

Original payee held not a holder in due course.

6. Bills and notes ⊂⊃226.

Indorser may set up want of consideration for his contract of indorsement.

7. Bills and notes ⊂⊃474.

Admission, by answer, of execution and delivery of note sued upon, does not preclude proof by indorser of want of consideration for indorsement.

8. Bills and notes ⊂⊃497(3)—Indorser's plea of want of consideration for indorsement places on plaintiff burden of proving consideration or that he is a holder for value.

On indorser's plea of want of consideration for note, execution and delivery of which is admitted, burden shifts to plaintiff to prove consideration or that he is a holder for value.

9. Pleading ⊂⊃345(1)—Judgment on pleadings for plaintiff against indorsers held improper, in view of pleading of want of consideration for indorsement (Comp. St. Okl. 1921, § 307).

In action against indorsers on note, where unverified answer alleged that indorsements were procured after execution and delivery of note and were without consideration, and alleged failure of consideration as to maker, and reply did not traverse allegation of want of consideration for indorsement, but merely attacked defense of failure of consideration to maker, held judgment on pleadings for plaintiff was improper, irrespective of effect to be given reply under Comp. St. Okl. 1921, § 307.

10. Bills and notes ⊂⊃453.

Defense of misrepresentation and breach of warranty in transaction, out of which note arose, is not open to accommodation indorser.

**11. Bankruptcy ☞299.**

Trustee in bankruptcy of corporation and not referee is proper party to represent bankrupt estate in action on corporation's note.

**12. Bills and notes ☞484—Plea on information and belief that certain sums had been paid on note held insufficient plea of partial payment.**

In action against indorsers on note, defendants' plea on information and belief that maker had "paid certain sums on the said note not thereon credited," and that sum sued for was not due, *held* insufficient pleading of partial payment.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Franklin E. Kennamer, Judge.

Action by the Traylor Engineering & Manufacturing Company against P. G. Walker, Jr., and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

G. C. Spillers, of Tulsa, Okl. (E. J. Doerner, of Tulsa, Okl., on the brief), for plaintiffs in error.

A. J. Biddison and Harry Campbell, both of Tulsa, Okl., for defendant in error.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and YOUMANS, District Judge.

VAN VALKENBURGH, Circuit Judge. Defendant in error, a corporation organized and existing under the laws of the state of Delaware, brought suit in the District Court for the Eastern District of Oklahoma against plaintiffs in error, upon a promissory note for the sum of $5,330.43, executed by the Choctaw Portland Cement Company, a corporation. On the back of said note are the indorsements of plaintiffs in error. The petition charged that said plaintiffs in error, "at the time of the making and execution of said note, and prior to the delivery thereof, indorsed, respectively, their respective names upon the back of said note with the intent and to the effect of thereby becoming liable thereon as makers of said note before delivery." Defendant in error was the payee named in the note, and the petition alleges that ever since the execution and delivery thereof it had been and still was the owner and holder of the note, no part of the principal of which had been paid. By their answer, plaintiffs in error charged that defendant in error had no legal capacity to maintain this suit, for the reason that it is a foreign corporation doing business within the state of Oklahoma, and has neglected and failed to comply with the laws of that state, in that it has failed to appoint a resident agent upon whom service of process might be had, has not filed a copy of its charter with the secretary of state, and has not filed a copy of the appointment of a resident agent with the county clerk wherein the said agent, if any, resides, as provided by law.

The answer admits that the Choctaw Portland Cement Company did make and deliver to defendant in error the promissory note upon which the suit was brought, but alleged that thereafter plaintiffs in error indorsed or wrote their names across the back of said note. The answer further states "that the said indorsement was wholly without consideration between the defendants and the plaintiff herein, and that nothing of value passed between the plaintiff and the defendant, and that there was no consideration for the placing of the signatures of these defendants on the back or reverse side of said note.

"Answering further, defendants state that they did not indorse the said note contemporaneously with the making of same, and that their signatures across the back thereof, as indorsers, were placed there without any consideration, and at a time subsequent to the making, execution and delivery of said note to the plaintiff by the said Choctaw Portland Cement Company."

For further defense, the answer alleges that the note itself was without consideration; that it was made as a part of the original consideration or purchase price paid defendant in error by the cement company for a rock crusher, which was represented to be worth the sum of $14,000, and to be in a suitable and fit condition to perform the services for which it was designed; that it was in fact defective, in that one of the large rollers was cracked, and that said crusher was worthless and of no value as a rock crusher.

The answer further states that the note sued on was procured by the plaintiff through fraud and misrepresentation, in that it was stated by a representative of defendant in error that the rock crusher was properly constructed out of suitable material and reasonably fit and suitable for the purpose of crushing rock for the cement company in the course of its business; that defendant in error at the time knew that said crusher was defective and utterly worthless as such, and, in order to deceive and defraud the cement company, painted the cracked portion of the machine with a heavy coat of paint in order to conceal the crack and defective condition

thereof; that thereby the cement company was deceived into purchasing and receiving the same, and did not discover the defective condition of the machinery until the early part of the year 1922. The note in question was dated April 21, 1920, and this suit was filed April 29, 1924. Further on in the answer it is again stated that, relying on the representation aforesaid, the cement company purchased the machine and that the same was utterly worthless; that thereafter, as a part of the consideration for the purchase, the note sued on was given, and plaintiffs in error were, without consideration, at the request of defendant in error, induced to sign said note, "which had been obtained by fraud and false representations of the said plaintiff, as hereinabove set forth."

The plea of partial payment is next made in the following language: "Defendants further state that they are informed and believe, and state the facts to be, that the said Choctaw Portland Cement Company has paid certain sums on the said note not thereon credited, and that there is not due on the said note the sum herein sued on."

The answer then concludes as follows: "Defendants further state that, if for any reason the said plaintiff should prevail in this cause, and obtain a judgment against the defendants herein, or any of them, that they should have a judgment over and against the Choctaw Portland Cement Company for any amount so recovered against defendants, or any of them; that, by reason of the fraud practiced by the plaintiff in procuring the said note, as hereinabove set forth, and by reason of the fact that defendants herein were accommodation indorsers on the said note, the said Choctaw Portland Cement Company, or its legal representative, should be made a party to this suit, in order that all parties may be before the court, and that exact justice may be done between the parties hereto. Wherefore, having answered fully, defendants pray that plaintiff take nothing by its action herein, that the said Choctaw Portland Cement Company, or its legal representative, be made a party to this suit and that upon a final hearing of this cause, defendants be allowed to go hence and recover their costs herein expended."

This answer was unverified. Defendant in error at first replied denying the allegations of new matter contained in the answer, and thereafter filed an amended reply in which it set out a provision of the contract to the effect that no officer, agent, or salesman had any authority to obligate the company by any terms, stipulations, or conditions not in said contract expressed, and, further, that by the contract the company agreed to repair or replace any material or part of its machine which, within one year after shipment, is proven to have been defective when shipped, provided the purchaser gives the company immediate written notice of such defect. The amended reply further alleged that no written notice, or any notice, had ever been given that any part of the said rock crusher was defective either when shipped or at any other time, and that the same was received by the cement company within thirty days of the date of the note sued on in this action. The reply further pleads that the cement company would be, and is, estopped by the conditions of the contract, and that plaintiffs in error have no right or authority to set up this defense.

Some time between the giving of the note in suit and the bringing of this action the Choctaw Portland Cement Company had been duly adjudged a bankrupt. Plaintiffs in error moved that the referee in bankruptcy be made a party and be permitted to file an answer and cross-petition. A like motion was filed by the referee himself; the latter motion alleged that the Choctaw Portland Cement Company was in bankruptcy, had a full and complete defense to the action on said note, and was a proper and necessary party to a full and complete determination of the issues; both applications were by the court denied. Thereafter, the cause coming on for trial, upon the issues joined, a jury was impaneled, to which counsel for plaintiff and defendants made their opening statements. At the conclusion of the statement of counsel for defendants, counsel for plaintiff moved the court for a judgment in favor of the plaintiff and against the defendants on the pleadings and on the statement of counsel for defendants.

As stated in the judgment entry: "The court, after reading the pleadings and hearing the arguments of counsel, and being fully advised in the premises, sustains the motion of the plaintiff for a judgment against defendants on the pleadings without regard to the statement of counsel for defendants to the jury."

[1] Judgment was accordingly entered in the sum of $6,440 for principal and interest, and the further sum of $654 for attorneys' fees as provided in the note. The rulings of the court in rendering judgment on the pleadings and in refusing to permit the ref-

eree in bankruptcy to intervene and file answer and cross-petition are assigned as error. As will be seen, the case turns largely on questions of pleading, and these questions must be determined by the laws of the state of Oklahoma regulating the practice and pleadings in the courts of that state. Rush v. Newman (C. C. A. Eighth Circuit) 58 F. 158-161, 7 C. C. A. 136; Cold Blast Transp. Co. v. Kansas City Bolt & Nut Co. (C. C. A. Eighth Circuit) 114 F. 82, 52 C. C. A. 25, 57 L. R. A. 696; Coffey v. United States, 117 U. S. 233, 6 S. Ct. 717, 29 L. Ed. 890.

[2, 3] The first contention is that defendant in error had no legal capacity to sue by reason of the failure to comply with the laws of the state of Oklahoma regulating foreign corporations doing business in that state. Without reference to the merits involved, it is the holding of the Oklahoma courts that its statute does not apply to corporations engaged in interstate commerce nor to transactions in interstate commerce. Kibby v. Cubie, Heimann & Co., 41 Okl. 116, 137 P. 352. The answer states that the defendant in error is a Delaware corporation, and is doing business within the state of Oklahoma, but nowhere alleges this to have been an intrastate transaction.

"To show that a given contract with a foreign corporation is invalid, because of transaction of business in this state while unqualified, it is incumbent on the pleader to clearly show that the particular contract involved (a) was made in this state, (b) and that the making of such contract constituted doing business in this state, or that the contract arose out of a transaction in this state, (c) and that the corporation was unqualified." Jones v. Mosby, 19 Ala. App. 467, 98 So. 313; Leverett v. Garland Co., 206 Ala. 556, 90 So. 343.

This is the general rule. For this reason, without more, we think the answer insufficient to raise this defense.

[4, 5] Plaintiffs in error plead that their indorsement was not made contemporaneously with the execution and delivery of the note, but that, after such execution and delivery by the cement company, plaintiffs in error, at the request of defendant in error, wrote their names across the back of the note; that their indorsements were therefore without consideration. This, if true, would constitute a good defense against a payee, not a holder in due course, and defendant in error, being the original payee, is not a holder in due course. Farmers' State Bank v. Mowry et al., 107 Okl. 275, 232 P. 26; Bank of Carrollton,

12 F.(2d)—25

Miss., v. Latting, 37 Okl. 8, 130 P. 144, 44 L. R. A. (N. S.) 481; Hartman v. Redman, 21 Mo. App. 124; Pratt v. Hedden, 121 Mass. 116; Brandt on Suretyship and Guaranty, § 26; American Multigraph Co. v. Grant, 135 Minn. 208, 160 N. W. 676.

[6-8] It is the contention of defendant in error that the answer admits the execution and delivery of the note and the indorsements, and that this must be taken to admit them with all of their legal effect as pleaded in the petition. But the answer, while admitting, as it must, the execution and delivery by the cement company, expressly denies that the indorsements were made prior thereto. On the contrary, it is claimed that the indorsements were not made until a later time, and then at the request of defendant in error; that there was therefore no consideration therefor. That want of consideration may be set up by an indorser where it relates to his contract of indorsement is settled beyond successful dispute. 8 Corpus Juris, 744; 8 Cyc. 25. The admission of execution and delivery, whether by direct pleading or through lack of verification of an answer which denies all the other allegations of plaintiffs' petition generally or specially, puts in issue all the averments of fact in the petition except the execution of the written instruments, and does not preclude proof by an indorser of want of consideration for his indorsement. The burden then shifts to plaintiff, who must either show that he is a holder for value or must prove consideration. Holley v. Smalley, 50 App. D. C. 178, 269 F. 694; Harn v. Interstate Building & Loan Co., 77 Okl. 265, 188 P. 343; Withers v. Greene, 9 How. 213-222, 13 L. Ed. 109; Brown v. Weldon, 99 Mo. 564, 13 S. W. 342.

Where an answer, though unverified, admits the execution of an instrument, and admits the legal effect of such instrument, but does not admit any facts extraneous to the instrument itself, and alleges other facts which, if true, would destroy the legal purport and effect of such instrument, or which would constitute a defense to its legal purport and effect, such allegations raise an issue distinct from the instrument itself. Hastings v. Hugo National Bank, 81 Okl. 189, 197 P. 457. A plea of want or failure of consideration, setting up facts which, if true, would support that plea, raises an issue which cannot be ignored; and a motion for judgment on the pleadings should not be sustained, where the pleadings of defendant set up a substantial and issuable defense. 23 Cyc. 769, and cases cited.

"Motions are generally appropriate only in the absence of remedies by regular pleadings, and cannot be made available to settle important questions of law, or to dispose of the merits of the case." Illinois Central R. R. Co. v. Adams, 180 U. S. 28–38, 21 S. Ct. 251, 255 (45 L. Ed. 410).

In Cobb v. Wm. Kenefick Co., 23 Okl. 440, 100 P. 545, it is held:

"A motion for a judgment on the pleadings is a common and permissible practice, but, in a case where filed by the plaintiff to a defendant's answer, it should be granted only when such answer, allowing every reasonable intendment in its favor, does not deny or state a defense to the material allegations of the petition."

The general rule, as stated in 23 Cyc. 769, is quoted with approval, and the court then quotes from authorities cited as follows:

"The pleadings objected to as insufficient will be liberally construed, and the motion will be denied, where there is any reasonable doubt as to their insufficiency. * * * Upon such motion every reasonable intendment is in favor of the sufficiency of the pleading objected to." Loc. cit. 451 (100 P. 549).

In the later case of Henryetta Spelter Co. et al. v. Guernsey et al., 82 Okl. 71, 198 P. 495, the same court says:

"Where an issue of fact is presented by the pleadings, it is error to sustain a motion for judgment thereon. Where plaintiff files reply to new matter set up in defendant's answer, thus putting in issue the new matter in defendant's answer, it is error to render judgment on the pleadings."

In this case defendant in error did file a reply, but in it did not traverse the allegation of want of consideration for the indorsement of plaintiffs in error. It attacked merely the defense of failure of consideration to the purchaser, the Choctaw Portland Cement Company. This new matter in the reply was not controverted by pleading. But the statutes of Oklahoma provide that:

"The allegation of new matter in the reply shall be deemed to be controverted by the adverse party, as upon direct denial or avoidance, as the case may require." Compiled Statutes Oklahoma 1921, vol. 1, § 307.

In Continental Insurance Co. v. Pearce, 39 Kan. 396, 18 P. 291, 7 Am. St. Rep. 557, it is held that allegations of new matter in a reply are not taken as true, whether denied under affidavit or not. Counsel for defendant in error points out that the Code of Civil Procedure of Oklahoma was adopted from the state of Kansas.

In Peck et al. v. First National Bank of Claremore, 50 Okl. 252, 150 P. 1039, the Supreme Court of Oklahoma holds that a motion for judgment on the pleadings is in the nature of a demurrer, and is not available to dispose of the merits of a case; that the pleading must be clearly bad in order to justify a judgment on motion in favor of the other party, and, if there is any reasonable doubt as to the sufficiency of the pleading, judgment on such motion will not be granted; that, where it is necessary for plaintiff to file reply to new matter set up in defendant's answer to avoid a judgment on the pleadings in favor of defendants, it is reversible error to render judgment on the pleadings on the plaintiff's motion made after his reply is filed. Upon this point the court says:

"It was necessary for the defendant in error to file a reply to the answers of plaintiffs in error to defeat their motion for judgment on the pleadings, or at least it so acted. It follows that, if the answers of the plaintiffs in error set up new matter such as to require a reply, it was error to sustain the motion of defendant in error for judgment on the pleadings. The motion acts as a demurrer, and, after reply filed and issues of fact thereby raised, it could not be said that the plaintiff could then successfully urge a demurrer to the answers."

[9] But whatever may be the effect of the filing of this reply, it is our judgment that the answer raised a substantial issue respecting want of consideration for the indorsements sued on, and therefore that it was error to render judgment on the pleadings. This holding calls for a reversal of this judgment. But some other matters are raised in the briefs which require attention, in view of a necessary retrial of the case.

[10] Plaintiffs in error by their answer seek to avail themselves of the defense of failure of consideration for the note itself, and, as an incident thereto, move that the cement company, the purchaser, be permitted to intervene and file answer and cross-petition, setting up that defense. The weight of authority seems to be that such a defense, involving misrepresentation and breach of warranty, is available only to the purchaser, and is not open to an accommodation indorser.

"An accommodation indorser cannot set up a breach of warranty as to the quality of the articles for which the note was given." 8 Cyc. 25, and authorities cited; 8 Corpus Juris, 751, § 1021; Harris v. Pate, 7 Ind.

Terr. 493, 104 S. W. 812; Rumley v. Koetter, 74 Okl. 204, 178 P. 116; Gillespie v. Torrance, 25 N. Y. 306, 82 Am. Dec. 355; Fleitmann v. Ashley, 60 App. Div. 201, 69 N. Y. S. 1099; Veriscope Co. v. Brady, (City Ct.) 77 N. Y. S. 159.

There is some intimation to the contrary where the maker becomes insolvent. Martin v. Kercheval et al., 16 Fed. Cas. 896, No. 9,163; Newton v. Lee, 139 N. Y. 332, 34 N. E. 905.

[11] The reason for the rule stated is that such a defense is personal to the maker of the note, who is the purchaser of the chattel —one of which he may or may not avail himself as he may elect, or which he may waive by lack of diligence or other conduct. This cannot affect an indorser before maturity for a valuable consideration, where the payee has relied upon it and has thus given consideration for his title. In this case the insolvency of the cement company is pleaded, and the intervention of the referee in bankruptcy was prayed in order that the matter might be fully determined as affecting the rights of all parties. It is to be noted, however, that the trustee, and not the referee, would be the proper party to represent the bankrupt estate. If the procedure and practice in Oklahoma permits such an intervention in an action of this nature, we see no reason why, upon proper application, it may not be permitted. In the present state of the record we are hardly in a position to pass upon this phase of the controversy.

Plaintiffs in error, by their own pleading, are accommodation indorsers. If their defense of want of consideration upon their contract of indorsement be sustained, then the integrity, or want thereof, of the note sued on, becomes immaterial as to them. That question becomes important only in case they fail to establish want of consideration on their own contract of indorsement. [12] Plaintiffs in error have attempted to set up the defense of partial payment. We think that defense as pleaded is insufficient. It is an affirmative defense, and to be available must be expressly and adequately pleaded. In this respect the answer is too indefinite. However, upon retrial this defect may disappear. The same is true of the effects of lack of verification of the answer, upon which some contentions of defendant in error are based.

It follows from what has been said that the judgment must be reversed and the case remanded for further proceedings in accordance with this opinion. It is so ordered.