**WALKER et al. v. TRAYLOR ENGINEERING & MFG. CO.\***

Circuit Court of Appeals, Eighth Circuit.
September 12, 1929.

Nos. 8167, 8168.

*Rehearing denied November 16, 1929.

G. C. Spillers, of Tulsa, Okl., for appellants and plaintiffs in error.

A. J. Biddison, of Tulsa, Okl. (Harry Campbell, Valjean Biddison, and John H. Cantrell, all of Tulsa, Okl., on the brief), for appellee and defendant in error.

Before KENYON, Circuit Judge, and FARIS and SANBORN, District Judges.

SANBORN, District Judge. In 1924, the appellee and defendant in error—who will be referred to in this opinion as plaintiff—brought suit against the appellants and plaintiffs in error, as defendants, alleging that it was the owner and payee of a promissory note dated April 21, 1920, given by the Choctaw Portland Cement Company, due 120 days from date, and duly indorsed by the defendants, and upon which there was then due $6,276.57. The defendants answered, admitting the execution of the note by the cement company and their signatures across the back of it, but denying the capacity of the plaintiff to sue, asserting that their indorsements were made after delivery of the note and without consideration, and asserting further that the consideration for the note had failed, because the note was given by the cement company in part payment for a rock crusher, which was represented to be valuable and in a suitable and fit condition to do the work for which it was designed, but which was in fact defective. As a further defense, the defendants alleged that the note was procured by fraud practiced upon the cement company by selling to it this rock crusher represented to be suitable for the purpose for which it was bought, but which was known by the plaintiff to be worthless. It was also alleged, on information and belief, that the cement company had made payments on the note which had not been credited. The plaintiff in reply admitted that the note was given in part payment for the rock crusher, but denied the charge of fraud and

the right of the defendants under the contract of sale to assert or claim misrepresentation or breach of warranty.

When the case first came on for trial, judgment was entered in favor of the plaintiff upon the pleadings, from which judgment the defendants appealed. This court remanded the case for further proceedings in accordance with its opinion. Walker v. Traylor Engineering & Mfg. Co. (C. C. A.) 12 F.(2d) 382. It was held that the answer was insufficient to raise any issue as to the capacity of the plaintiff to sue, as to want of consideration for the note itself, as to partial payment, and that the defendants, being accommodation indorsers, could not set up the defense of breach of warranty or misrepresentation with respect to the rock crusher. The reversal was based solely upon the proposition that the defendants had alleged that their indorsements were not made contemporaneously with the execution and delivery of the note, but at a later time, so that there was no consideration for their indorsements. This court said in that regard:

"Plaintiffs in error plead that their indorsement was not made contemporaneously with the execution and delivery of the note, but that, after such execution and delivery by the cement company, plaintiffs in error, at the request of defendant in error, wrote their names across the back of the note; that their indorsements were therefore without consideration. This, if true, would constitute a good defense against a payee, not a holder in due course, and defendant in error, being the original payee, is not a holder in due course." 12 F.(2d) 385.

It is obvious, therefore, that the only question left to be determined upon a new trial upon the same pleadings was: Did the defendants indorse this note prior to or contemporaneously with its delivery?

It is true that at the trial evidence was introduced, not only as to the time of the indorsement of the note by the defendants, but also as to the defective character of the rock crusher. At the close of all the testimony, the court directed a verdict in favor of the plaintiff and against the defendants, of which the defendants here complain. We are asked to re-examine and redetermine the questions of want of consideration for the note, and misrepresentation in the sale of the rock crusher in part payment of which the note was given. This we must decline to do. The defendants had previously argued those questions, and the law of the case was settled so far as the issues raised by the pleadings were concerned. We are confined solely to the question as to whether it was error for the trial court to hold, at the conclusion of the trial, that it sufficiently appeared that the defendants had indorsed the note at the time of its delivery, so as to justify the directed verdict. Illinois Cent. R. Co. v. Crail (C. C. A.) 31 F.(2d) 111, and cases cited.

Nothing would be added to the literature of the law by setting forth in detail the evidence in this case. It has been carefully examined. Opposed to clear and positive testimony that this note, duly indorsed, was delivered to and accepted by the plaintiff in lieu of cash, in order to permit the cement company to take up the sight draft and bill of lading, and as part payment for the rock crusher at the time it was shipped to Hartshorne, Okl.—which is supported by the entries in the books of the cement company itself—we have only vague and unsatisfactory statements of the general recollection or belief or opinion of two of the defendant indorsers, who were officers of the cement company at the time the rock crusher was purchased, and of others who were then associated with them, to the effect that the note was delivered before the indorsements were made. All of the defendants' testimony, when carefully analyzed, can be classified as either opinion or hearsay. None of it rises to the dignity of proof. We think it is clear that, taking into consideration all of the evidence in the case, no verdict for the defendants could have been sustained, and that the court acted correctly in directing a verdict for the plaintiff.

The judgment in No. 8167 is affirmed, and the writ of error in No. 8168 is dismissed.