**UNITED STATES v. BRYAN et al.**

No. 2217.

District Court, S. D. Texas, Houston Division.

April 29, 1933.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. U. S. Atty., both of Houston, Tex.

A. J. Henderson, of Houston, Tex., for defendants.

KENNERLY, District Judge.

This is an action at law by the United States of America against John C. Bryan, as principal, and Carl Glaser and L. J. Rung, as sureties, on a bond for $70, executed by them November 10, 1932, to the United States, under the following circumstances:

John C. Bryan (the principal) and one Lockey L. Foyt were arrested by prohibition officers on or about November 8, 1932, charged with possessing and transporting intoxicating liquor in a 1926 model Dodge sedan, owned and driven by Bryan. Foyt had intoxicating liquor in his possession in the car, but Bryan had no knowledge thereof. Bryan had no intoxicating liquor in his possession in the car. Prosecution was begun against them in this court; they being charged with possession and transportation of intoxicating liquor under the National Prohibition Act. Such prosecution or case was tried and finally disposed of March 1, 1933, by the government dismissing the case as to Bryan, and Foyt pleading guilty to transportation and possession. Foyt's sentence was thirty days in jail, suspended for five years during good behavior.

The car was seized at the time of the arrest, and turned over to the deputy prohibition administrator. The bond sued on was executed by Bryan (with the sureties named) under section 40, title 27 USCA. The bond, omitting formal parts, is as follows:

"Know all men by these presents, that I, John C. Bryan of 925 Waverly St., Houston, Tex., principal, and Carl Glaser of 2123 Freeman St., Houston, Tex., and L. J. Rung of 934 Waverly St., Houston, Tex., sureties, are held and firmly bound unto the United States of America in the penal sum of Seventy and no/100 dollars, money of the United States, for the payment of which well and truly to be made we bind ourselves jointly and severally, our heirs, executors, administrators, successors, and assigns firmly by these presents.

"Whereas, the following-described vehicle or conveyance has been seized pursuant to Section 26 of Title II of the National Prohibition Act, to wit:

"1926 Model Dodge Sedan, license 616-994, Engine A—576—881,

"And whereas, the aforesaid principal has made application for the return of said vehicle or conveyance, claiming to be the owner thereof:

"Now, therefore, the condition of this obligation or bond is such, that if the said principal shall return the aforesaid conveyance or vehicle to the custody of the officer approving this bond on the day of trial to abide the judgment of the court; and, in case the said property shall be forfeited to the United States, or the court shall order a sale of said conveyance or vehicle, that if the said principal shall pay the difference between the value of said vehicle or conveyance at the time of the execution hereof, which is hereby stipulated to be one-half of the penal sum of this bond, and its value on the date of its return as aforesaid, less depreciation due to reasonable wear and tear of ordinary use, and the said principal shall pay off any liens or encumbrances thereon except the following liens heretofore existing, namely: none,

then this obligation to be void, otherwise to remain in full force and effect."

The car was not surrendered to the deputy prohibition administrator as required by the bond on or prior to the date of the trial (March 1, 1933), but Bryan testified (and I so find) that he was in court on that date, and for several days previous, and stood ready and willing to surrender the car to the prohibition administrator as required by the bond, but at that time was not represented by counsel, and was ignorant of the manner in which it should be surrendered. This, however, was not known to the government. He did not then surrender it, but, on the hearing hereof, tendered it to the government. The government refused the tender, stands upon the bond, and insists upon judgment against Bryan and his sureties.

■ 1. In this district, the procedure is well established that a trial of the right of the government to forfeit and sell a car, seized under section 40, as was the car here involved, may not be had in the criminal case in which the person or persons in charge of the car are tried, but in a separate proceeding in rem against the car. The procedure is substantially as outlined in The Harbour Trader (C. C. A.) 42 F.(2d) 858.

■ 2. Jurisdiction of a proceeding in rem (except where it may be specifically regulated by statute) may be sustained only where the property proceeded against is actually or constructively in, or taken into, the possession of the court. The Brig Ann, 9 Cranch, 289, 3 L. Ed. 734; United States v. One Reo Sedan (D. C.) 39 F.(2d) 120; Dobbins v. United States, 96 U. S. 396, 24 L. Ed. 637.

In the case of United States v. Fiedler (D. C.) 45 F.(2d) 874, while the boat there involved was still in possession of the government, proceedings in rem were begun against it to forfeit it. Afterwards, on the same day, bond was executed by Fiedler, and the boat turned over to him. In such cases, following to an extent the procedure in admiralty (Coffey v. U. S., 117 U. S. 234, 6 S. Ct. 717, 29 L. Ed. 890), the government may, notwithstanding the execution of the bond and the turning over of the property proceeded against, proceed with its forfeiture suit, and, in case it obtains judgment, and the property proceeded against is not returned, as provided in the bond, may proceed against the principal and sureties on the bond. United States v. Fiedler, supra.

■ But a different case is here presented. Here Bryan soon after the seizure, and without any forfeiture suit having been instituted, executed (under section 40, title 27 US CA) the bond sued on, and took possession of the car. The government could not then proceed in rem against it to forfeit it, unless and until it was returned by Bryan as stipulated in the bond. Bryan having failed to so return it, and the government having no right to again seize it, became entitled to treat the bond as taking the place of the car, and to institute and prosecute this suit to recover thereon.

■ 3. The government contends that, upon offering in evidence the bond, and proof of failure of Bryan to return the car on or before the day of the criminal trial, it is entitled to judgment. Bryan (and his sureties) claims that the government must go further and make the same proof it would be required to make in a proceeding in rem to forfeit the car; i. e., to prove, (a) the transportation of intoxicating liquor in the car, (b) the seizure of the car, (c) the arrest and conviction of the person or persons in charge of the car.

Bryan (and his sureties) also contends that they may show "good cause" in this case, and prevent judgment against them, in the same manner that Bryan, as the owner of the car, may show "good cause" and prevent a judgment of forfeiture of the car in such a proceeding in rem.

Again to an extent following the practice in admiralty, I think Bryan and his sureties are right in their position, and that the government is wrong. The bond having, as stat-

ed, taken the place of the car, the government, in order to recover thereon, must prove the same facts that it would have been required to prove to obtain a judgment of forfeiture, and Bryan (and his sureties) may make the same defenses that Bryan would be entitled to make in such a forfeiture suit. Besides, I think this view is in accord with the spirit of the National Prohibition Act.

4. Bryan and his sureties resist a recovery by the government on the bond, upon the claim that Bryan, the owner and driver, had no knowledge of the intoxicating liquor being in the car. The finding on this issue being in their favor, Bryan and his sureties have shown "good cause," under section 40, title 27 USCA, why the car should not be forfeited in a proceeding (if one had been brought) for that purpose, and "good cause" in this case why no recovery should be had against him and his sureties on the bond.

5. This conclusion makes it unnecessary to determine the legal effect of the tender by Bryan of the car to the government during the trial hereof.

Judgment for defendants.