The referee has found as a fact that the defendant Byron P. Tubbs, the principal, was unable to appear at the term of the court at which he was by the alleged recognizance bound to appear, and at which for such non-appearance the said recognizance was estreated. And also that such inability was by reason of sickness and injuries arising from being thrown from a horse shortly prior to said term of the said court.
These facts we are not at liberty to question. The case is before us in a form permitting us to review questions of law only. (Code, §§ 268, 272.)
There was evidence in support of this finding, and it was competent for the Supreme Court to reverse if the finding was not satisfactory to them upon this point. We have no such power.
The question of law upon this finding is, does an inability of the principal to appear "by reason of sickness and injuries arising from being thrown from a horse prior to the term of the court," constitute a defense to an action upon the defendants' recognizance?
I do not think that this should be regarded as an open question in this State. The recognizance is but a solemn contract. It is made of record, but that does not withdraw it from the general rule applicable to contracts, whether by parol, in writing, under seal, or in whatever form they are entered into.
In this State, it is settled that the act of God or of the law will excuse the non-performance. As to contracts in general, seeWolfe v. Howes (20 N.Y. 197), in this court, affirming the decision of the Supreme Court (24 Barb. 174), and citing cases, text writers and reports from other States establishing the doctrine. The case of a replevin bond, Carpenter v. Stevens
(12 Wend. 589). And as to recognizances in particular, see ThePeople v. Manning (19 Wend. 297); The People v. Bartlett
(3 Hill, 570); The People v. Cook (30 Barb. 110).
The inability of the principal to appear by reason of sickness is within these cases, the act of God, which excuses, and is a sufficient defense. *Page 589 
On the trial, Byron P. Tubbs, the principal in the recognizance, was examined as a witness, and testified to his illness; that he was hurt on Friday; that on the Monday when the court commenced, he had not got up; that he was confined to his bed nine days. The question was then put to him: "Was you able to go to court during court week?" To this question the plaintiffs' counsel objected, and excepted to its allowance. The witness answered: "No, sir; I was not able during court week to go to Morrisville, and could not have gone."
It is argued that this was objectionable, because the witness was not an expert, and that it was permitting the witness to determine a question of fact which it was within the province of the referee to determine.
Witnesses are often permitted to testify in the very terms in which a referee, or the court or the jury are to determine an issue; e.g., on an issue touching the making of a note or the signing of any instrument, if the alleged signer be a competent witness, he may testify in terms that he did not sign it, or that the signature is not in his handwriting. Or, in an action for an assault and battery, the defendant, when a competent witness, may be asked, and he may testify that he did not strike the plaintiff, and the like is true in examples that might be multiplied almost indefinitely. The objection, therefore, that this was the very matter which the referee was to decide, amounts to nothing. He was to decide upon all the evidence bearing on the question, and the witness in all such cases may be contradicted, and his testimony be, perhaps, wholly discredited.
Was the evidence objectionable as calling for the opinion of an expert? No such suggestion was made on the trial, and if it had been suggested, it is possible that the defendants might have obviated the objection by proof, that the witness had every qualification of medical skill and experience which constituted the most thorough expert. But I apprehend that the question did not call for an opinion. It was addressed to the conscious knowledge of the witness of the extent of his prostration. It added very little to what *Page 590 
he had previously stated, viz., that he was confined to hisbed; but, whether more or less, it is clearly competent for the witness to describe his actual condition. If he could not sit up, he knew it presumptively better than any one else, not as an opinion, but as matter of fact, of which he was conscious either from sensation or experience. So if he could not raise his arm, or could not walk, or could not go to court.
I think the objection was properly overruled.
If these views are correct, the judgment must be affirmed, whatever our views may be of the sufficiency of the recognizance.
All the judges concurring,
Judgment affirmed. *Page 591