## CHASE *v.* THE PEOPLE.

RECOGNIZANCE — *whether judgment of forfeiture may be set aside.* The principal cognizor in a recognizance of bail should be relieved from a judgment of forfeiture declared against him, upon showing to the court, at the same term, that on the day the forfeiture was taken, he was sick and unable to attend upon the court.

But such relief will not be granted without costs.

*Appeal from District Court, Arapahoe County.*

AT the October term, A. D. 1872, of the district court, appellant, with William Halliday as surety, entered into recognizance in the sum of $2,500, conditioned for the appearance of appellant from day to day during that term, to answer to an indictment then pending against him for keeping a gambling establishment, and for exhibiting gambling devices. Afterward, and on the 20th day of December, during said term, appellant was called, and failing to appear, judgment of forfeiture was entered against him and his surety. Afterward, and on the 18th day of January, 1873, during said term, appellant, by his counsel, moved the court to set aside the judgment of forfeiture, and read affidavits in support of the motion as follows :

"Edward Chase, being duly sworn upon oath, says, that he is the defendant in the above-entitled cause ; that during the 20th day of December, A. D. 1872, and each and every part thereof, he, this affiant, was sick and confined to his bed, and was wholly unable to be, or appear during any part of said day, at the court-house, in the city of Denver, in said county of Arapahoe, or to attend the said district court on said day, in person, owing to, and on account of, such sickness, and that he did not, knowingly or intentionally, take or make use of any medicine or other thing, or any other means use, knowingly, for the purpose of making himself sick, or less able to be in attendance on said court on said day, or any other day or time, and that said sickness was not the result of any means used by him for such purpose, wholly or in part."

"A. L. Justice, being duly sworn upon oath, says, that he is, and has been for five years last past, a practicing physician in the city of Denver, in Arapahoe county, Colorado territory ; that he is acquainted with Edward Chase, and, for a long time prior hereto, has been his attendant physician in his sickness ; that on the 20th day of December, A. D. 1872, at or about the hour of 11 o'clock, A. M.,

this affiant was called as such physician to attend said Chase, and did call on him at his residence in the said city of Denver, and found him sick in bed; that this affiant from his professional knowledge is of the opinion and belief, that the said Edward Chase, on the 20th day of December, A. D. 1872, was wholly unable to attend the said district court in person, or to leave his bed a sufficient length of time to go or be taken to said court, at any time during said day.''

The court denied the motion, and appellant excepted. Afterward a *scire facias* was sued out, to which many pleas were interposed, and these being adjudged insufficient upon demurrer, execution was awarded against appellant and his surety.

Mr. H. R. HUNT, for appellant.

Mr. M. A. Rogers, district attorney, *contra*.

BELFORD, J.    During the same term of court that the judgment of forfeiture was entered, the plaintiff in error appeared and moved the court to vacate the same, on the ground that he was sick and unable to attend the court on the day the forfeiture was had.    The affidavit of the plaintiff in error, read in support of the motion, recites that Chase, on the 20th of December, was sick and confined to his bed; was wholly unable to appear at court in person, owing to such sickness ; that he did not intentionally take or use any medicine or other thing, or use other means to make himself sick or less able to attend court on that or any other day.    This affidavit is strengthened by that of Dr. Justice, who states that, on the day above mentioned, he paid Chase a professional visit, that he found him sick in bed and that he believes, from his professional knowledge, that the plaintiff in error was wholly unable to attend said court, or to leave his bed a sufficient time to be taken there.

When it is made to appear to the court by competent evi-

dence that the recognizor was disabled from attending court by reason of sickness, and that such sickness was not the result of any fault or misconduct on his part, he should not be punished for his misfortune, especially as, by his appearance afterward, the ends of justice will be answered, and where the court is convinced of the existence of such an excuse, the judgment of forfeiture should be set aside.

There are a number of respectable authorities which hold that sickness, of a character to prevent attendance in court, and existing without fault on the part of the recognizor, is a good defense to a *scire facias* on a recognizance. *People* v. *Tubbs*, 37 N. Y. 586; *People* v. *Manning*, 8 Cow. 297 ; Co. Litt. 206, a ; see also *Commonwealth* v. *Craig*, 6 Rand. 732.

It seems to us that the court should have set aside the forfeiture on the showing made and upon payment of costs.

Judgment reversed and cause remanded, with directions to set aside judgment of forfeiture upon the payment of costs by plaintiff in error.

*Reversed.*