# Ringeman *et al. v.* The State.

*Scire Facias against Bail on Forfeited Recognizance.*

1. *Recognizance; when sureties discharged.*—Sureties on a bail bond can only be discharged from liability by the appearance of their principal, according to the condition of the recognizance, or of some intervening act of God or of the law of the State, or of the obligee, which renders the performance of that condition impossible.

2. *Same; same; case at bar.*—To a *scire facias* on a forfeited recognizance, it is not a good plea that the principal was at the time of the rendition of the judgment *nisi* detained by ill health in another State, where he had gone upon the advice of skilled physicians because suffering from the disease of consumption, and that at the time of the forfeiture he was still suffering from said disease, that a return to Alabama would result in serious detriment to his health and imminent danger to his life, that he was still suffering from the same cause and was detained in a distant State on account of the disease from which he has long been, and still is, a sufferer.

APPEAL from the Circuit Court of Morgan.

Heard before the Hon. OSCEOLA KYLE.

Joseph Ringeman entered into a recognizance with B. Crawford and John D. Wyker to appear at the fall term 1901 of the Circuit Court of Morgan County, to answer an indictment therein pending against him for embezzlement. Failing to appear a judgment *nisi* was rendered on the recognizance against him and his sureties and a *scire facias* to show cause why the judgment should not be made final, returnable to the next term, was awarded against him and his sureties. The *scire facias* was returned not found as to Ringeman, but executed on his sureties. The defendants in the judgment *nisi* appeared and filed a special plea in bar, the substance of which is stated in the opinion. To this plea the State demurred upon the following grounds: 1. The facts averred in said plea consti-

tute no answer to the judgment *nisi.* 2. Because said plea shows on its face that the defendant Ringeman was without the jurisdiction of the court voluntarily at the time of the rendition of the judgment *nisi.* This demurrer was sustained and a judgment final rendered against the defendants. From this judgment the defendants appeal.

D. W. SPEAKE and E. W. GODBEY, for appellants. Demurrers to pleas and amended pleas setting up the sojourn of the accused in a distinct state and his serious illness there, preventing his presence at the Circuit Court of Morgan County, Alabama at the time set for the trial of his case, were improperly sustained. *Scully v. Kirkpatrick,* 21 Am. Am. Rep. 62; *People v. Tubbs,* 37 N. Y. 588; *Baldwin v. N. Y. Life Ins. Co.,* 3 Bos. 543; *People v. Manning,* 18 Am. Dec. 452; *Wood v. Commonwealth,* (Ky.) 33 S. W. 730; *Chase v. The People,* 2 Colo. 481.

MASSEY WILSON, Attorney-General for the State. The facts set up by the plea of the appellants constituted no valid excuse for the forfeiture complained of, and the principal and his sureties on the bail bond are liable for its penalties.—*Cain v. State,* 55 Ala. 170; *State v. Crosby,* 114 Ala. 11; *Piercy v. People,* 10 Bradwell, (Ill. App.) 219; *Taylor v. Taintor,* 16 Wallace 366; *Devine v. State,* 5 Sneed (Tenn.) 623.

McCLELLAN, C. J.—It is settled law in this State as well as many other jurisdictions that sureties on a bail bond can only be discharged from liability by the appearance of their principal according to the condition of the recognizance or by some intervening act of God, or of the law of the State, or of the obligee which renders the performance of that condition impossible.—*Cain et al. v. State,* 55 Ala. 170; *State v. Crosby,* 114 Ala. 11; 2 Am. & Eng. Ency. Law, 717; *Tylor v. Taintor, Treasurer,* 16 Wall. (U. S.) 366; *Piercy et al v. The People,* 10 Bradwell (Ill. App.), 219; *Devine v. State,* 5 Sneed (Tenn.), 623.

[Ringeman *et al.* v. The State.]

No act of the law nor of the obligee is pleaded to the *scire facias* in this case, nor, indeed, is any act of God pleaded, as we shall see; but it is pleaded that the principal after the bail piece had been entered into was so ill of consumption that it became necessary to the preservation or prolongation of his life for him to go to and remain in the state of Colorado, that he went there and remained there upon the advice of skillful and competent physicians under the necessity stated, "that at the time the forfeiture was taken he was still suffering from the aforesaid malady, that a return at that time from the altitude of Colorado to Alabama could not have been made without serious detriment to his health or without imminent danger to his life, and that he was so advised by his physician, that said defendant is yet suffering from the same cause as aforesaid and is still in Colorado being there detained on account of the disease from which he has long been and still is a sufferer." This plea does not aver impossibility of appearance by the principal resulting from an act of God. His death in such case would have been the act of God in legal contemplation, but illness, however severe and critical, is not, (*Taylor v. Taintor, supra; Piercy et al. v. People, supra; Scully v. Kirkpatrick*, 21 Am. Rep. 64) ; and surely his going and remaining out of the jurisdiction under the circumstances and for the purpose stated is not only not the act of God, but involved no impossibility of appearance regardless of the cause to which it may be attributed. And apart from the foregoing considerations the plea, even upon the theory of the defendant, is bad for that it does not aver that his condition was such at the time of the return term of the *scire facias* that he could not then have appeared in the Circuit Court without imminent peril to his life. *Non constat* but that the "permanent improvement" referred to in the plea had by that time taken place so that he might have returned with immunity.—*Cain v. State, supra*. The question is not one of humanitarianism, but one of cold law arising on a demurrer to the plea; nor was it below nor is it here addressed to the discretion of the court. The Circuit Court properly sustained the demurrer.

Affirmed.