CHARLES MALTZ, Appellant, v. JOHN J. DALY, Respondent.

Supreme Court, Appellate Term, First Department, March, 1923.

Summary judgment — motions and orders — when defendant must present affidavit or proof.

Plaintiff as assignee of the rents of a building sued for rent. The answer contains qualified and equivocal denials and " denies the validity " of the assignment. A " defense and counterclaim," while admitting the existence of the lease, states facts which tend to indicate that the sum demanded was not due. Upon motion for summary judgment plaintiff presented an affidavit in compliance with rule 113 of the Rules of Civil Practice. Defendant did not and offered no proof. In reversing the order denying plaintiff's motion and granting same, *held*, that the allegations in the answer are not proof and defendant having rested on his pleading failed to show any defense.

APPEAL by plaintiff from order of the City Court of the city of New York denying his motion for summary judgment.

*Henry Swartz*, for appellant.

*William S. Evans*, for respondent.

GUY, J. Plaintiff, assignee of rents of a building, two floors of which are occupied by defendant, sues for the rent for the months of August to December, 1922, inclusive. The answer contains qualified and equivocal denials of material allegations of the complaint, and defendant also " denies the validity " of the assignment.

The allegations of defendant's " defense and counterclaim " admit the existence of the lease to defendant set out in the complaint, but claim that at the time of the execution of the lease the lessor guaranteed the repayment to defendant of $100 a month, so that the rental of the premises would be $125 a month, instead of $225 a month as claimed in the complaint; that at the same time the lessor received $575 as security for the performance of the lease by defendant; and that the lessor agreed to give defendant possession of the premises on or before May 1, 1922; that the landlord breached the agreement by failing to give the defendant possession on or before May first; that thereafter it was agreed between the parties that the lease be waived and canceled, and a new agreement was entered into between the parties whereby the defendant took possession of the premises at a rental of $125 a month, and that the security of $575 was to be applied to the rent as far as it would go, and the application of the deposit was duly made by defendant as alleged. It is further set out in the " defense and counterclaim " that the plaintiff brought an action in the Municipal Court upon the same cause of action as is set out in the complaint, except that said cause of action did not embrace

the rent for the months of October, November and December, 1922; that the action was compromised and settled by the parties by an agreement that the rental of the premises should be taken as $125 a month and that the security should be applied to the rental and that $250 should be paid to plaintiff by defendant by check for all sums due up to January 1, 1923, and that thereafter the rent was to be $125; that the defendant duly tendered his check for $250 to the attorney of the plaintiff, and the plaintiff in violation of the agreement refused to accept it in full settlement.

Upon motion for summary judgment the plaintiff presented an affidavit in compliance with rule 113, but no affidavit or proof was submitted by defendant in opposition. The rule provides that in a case of this character " the answer may be struck out and judgment entered thereon on motion, upon the affidavit of the plaintiff or of any other person having knowledge of the facts, verifying the cause of action and stating the amount claimed, and his belief that there is no defense to the action; unless the defendant by affidavit, or other proof, shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend."

Although the defendant in his answer states facts which tend to indicate that the sum demanded in the complaint is not due, such plea was not sufficient to defeat the plaintiff's motion, because the rule expressly requires the defendant " by affidavit, or other proof," to " show such facts " as may entitle him to defend. *Dwan v. Massarene*, 199 App. Div. 872. Defendant's allegations are not " proof," and having rested on his pleading he failed to " show " any defense.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

COHALAN and WASSERVOGEL, JJ., concur.

Order reversed.