## UNITED STATES v. FIEDLER et al.

District Court, E. D. New York.   January 9, 1930.

No. 3966.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie and Frederick J. Peper, Asst. U. S. Atty., both of Brooklyn, N. Y., of counsel), for the United States.

Louis Halle, of New York City, for defendants.

GALSTON, District Judge.   This is a motion made for summary judgment in favor of the plaintiff pursuant to rule 113 of the Rules of Civil Practice of the state of New York.

The complaint alleges the making and delivery of a bond to the plaintiff by the defendants in the sum of $5,000, the condition of the bond being that, if the principal, Fiedler (one of the defendants herein), return the motorboat Pal, her tackle and equipment, to the custody of the marshal of the Eastern District of New York, or to such other officer as might be designated by the court on the day of the trial, and if the principal abide by all decrees and orders of the court in connection therewith, then the obligation to be void, otherwise to remain in full force and effect.

It is also alleged that subsequently, on January 13, 1928, this court made and entered its order forfeiting the said motorboat and her equipment, and directing the Detroit Fidelity & Surety Company, as surety (defendant herein), to return the boat and her equipment to the United States marshal for the Eastern District of New York.   Due demand was made on both principal and the surety for the delivery of the boat, her tackle, etc., but the defendants refused to comply therewith.   The complaint thus alleges a failure to fulfill the terms of the bond.

The answer denies that the defendants refused to surrender the vessel, and alleges that the reason for failure to return the vessel to the United States marshal was because the vessel had been "reseized by the Government in another proceeding since the release of the said vessel on the bond * * * and was sold by the plaintiff at public auction, and by plaintiff's own act, defendants were prevented from performing the condition to return said vessel."

By way of separate defense, the answer alleges that the decree of forfeiture was void as beyond the jurisdiction of the court.

Rule 113 of the Rules of Civil Practice of the state of New York recites:

"When an answer is served in an action to recover a debt or liquidated demand arising.

"1. On a contract, express or implied, sealed or not sealed; or

"2. On a judgment for a stated sum; the answer may be struck out and judgment entered thereon on motion, and the affidavit of the plaintiff, or of any other person having knowledge of the facts, verifying the cause of action and stating the amount claimed, and his belief that there is no defense to the action; unless the defendant by affidavit, or other proof, shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend."

The defendants filed no affidavit in support of, or in amplification of, their answer.   In the circumstances, is the answer sufficient?   If the seizure by the plaintiff made it impossible for the defendants to surrender the vessel in accordance with their undertaking, it should appear that such act of the plaintiff was an unlawful or illegal or im-

proper act, or one designed to thwart or harass the defendants. No such allegation is made, and the absence of a supporting affidavit raises the presumption that the defense is not offered in good faith, and that it could not be sustained. S. M. Hess & Bro. v. Small (D. C.) 288 F. 995; Maltz v. Daly, 120 Misc. Rep. 466, 198 N. Y. S. 690.

As to the separate and distinct defense attacking the validity of the order of forfeiture, it is sufficient to say that such attack cannot be made collaterally. Wagner Co. v. Lyndon, 262 U. S. 226, 43 S. Ct. 589, 67 L. Ed. 961; Ex parte Harding, 219 U. S. 363, 31 S. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392; Chesapeake & Ohio R. Co. v. McCabe, 213 U. S. 207, 29 S. Ct. 430, 53 L. Ed. 765.

Accordingly, the motion for summary judgment is granted. Settle order on notice.