## UNITED STATES v. FIEDLER et al.
### No. L–3966.

District Court, E. D. New York.

Dec. 5, 1930.

See, also, 37 F.(2d) 578.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Louis Halle, of New York City, for defendants.

MOSCOWITZ, District Judge.

This case was tried by the court without a jury, jury trial having been waived.

The government seeks to recover judgment against the defendant Louis Fiedler, as principal, and the defendant Detroit Fidelity and Surety Company, as surety, on a bond in the sum of $5,000.

On June 26, 1925, the government filed a libel in this court for the forfeiture of the motorboat Pal for violation of section 26 of title 2 of the National Prohibition Act (27 USCA § 40), and for violations of the Customs and Revenue Statutes, by virtue of the seizure of said vessel on April 4, 1925. On the same date that said libel was filed, the defendant herein, Louis Fiedler, as principal, and the defendant Detroit Fidelity and Surety Company, as surety, filed their joint and several bond in said libel action in the office of the clerk of this court in the sum of $5,-000, conditioned as follows:

"Now, therefore, the condition of this obligation or bond, is such, that if the Principal shall return the aforesaid vessel to the custody of the Marshal of the Eastern District of New York or to such other officers as he may be directed to on the day of trial, to abide the judgment of the Court which may be rendered in any proceedings commenced or to be commenced by reason of the said seizure and if the said principal shall abide by all decrees and orders of this Court, then this obligation to be void, otherwise to remain in full force and effect.

"This bond is further conditioned that said vessel shall not during the continuance of this suit or until the final determination of said proceeding and suit, engage in the unlawful transportation of liquor from any foreign port or place to any portion of the United States, whether within or beyond the three mile limit, and whether with or without the aid of shorecraft or other vessels, it being expressly understood and agreed that evidence of the engagement in said unlawful liquor traffic shall not be conditioned upon the seizure of said vessel, but only such evidence shall be required as is satisfactory to this Court."

Louis Fiedler was the owner of the said motorboat, and filed a claim therefor.

On July 22, 1925, the monition issued in the libel proceeding was returned and a proclamation was made in open court. No one appeared or answered said monition or said libel, and no extension of time to answer or appear in that proceeding was given to the defendants in this action or to any one else.

On January 13, 1928, an order was made decreeing the forfeiture of the motorboat

Pal in said libel proceeding, and directing the surety to return said motorboat to the custody of the United States Marshal for this district. The defendants contend that the order of January 13, 1928, did not direct the principal to return the boat to the custody of the United States Marshal for this district, but instead directed the surety to return said boat, and was therefore of no effect. This contention is untenable. U. S. v. Edward Reiter and New Amsterdam Casualty Co., 45 F.(2d) 1007, decided by Judge Campbell on March 5, 1930.

It will be noted that the bond reads in the alternative. The conditions are that the principal return the vessel to the custody of the United States Marshal or to such other officer as may be directed by the court. Defendants have not complied with either one of the two conditions.

Paragraph 7 of the complaint is as follows: "Seventh: That although duly demanded of the said Louis Fiedler, as principal, and the Detroit Fidelity and Surety Company, as surety, that they produce the said Motor Boat 'Pal,' her tackle, apparel, furniture, papers and engines, the said defendants have neglected and refused to surrender the said Motor Boat 'Pal,' her tackle, apparel, furniture, papers and engines, and, that, by reason thereof, the terms and conditions of said bond have been breached."

Paragraph 1 of the answer, which deals with paragraph 7 of the complaint, is as follows: "First: Deny so much of the complaint wherein it is alleged in paragraph 'Seventh' thereof that the defendants neglected and refused to surrender the vessel referred to therein, and, defendants allege affirmatively that the reason that the said vessel was not returned to the United States Marshal was because the said vessel had been reseized by the Government in another proceeding since the release of the said vessel on the bond, annexed to the complaint, and was sold by the plaintiff at public auction, and by plaintiff's own act, defendants were prevented from performing the condition to return said vessel contained in said bond."

It will be noted that this paragraph of the answer does not deny due demand on the part of the defendant for the return of the boat, but alleges that the failure to return the boat to the custody of the Marshal was due to the fact that the vessel had been reseized by the government since the release of the vessel on the bond. This alleged defense is insufficient. It appears that the defendants failed to comply with the condition of the bond requiring the return of the boat to the custody of the Marshal for which due demand was made, although no demand was necessary, because it was the duty of the principal to return the boat on the day of trial to the Marshal, unless some other officer was designated. No other officer was designated.

The government is therefore entitled to judgment for the sum of $5,000.

Settle judgment on notice.