## UNITED STATES v. STEPHENS.

### No. 4491.

District Court, S. D. Florida, Jacksonville Division.

Sept. 23, 1932.

W. P. Hughes, Dist. Atty., and W. A. Paisley, Asst. Dist. Atty., both of Jacksonville, Fla., for the United States.

Francis L. Poor, of Jacksonville, Fla., amicus curiæ.

STRUM, District Judge.

The United States seeks the forfeiture and sale of an automobile used for the illegal transportation of intoxicating liquors, forfeiture being sought under the provisions of section 26, title 2, N. P. A. (27 USCA § 40).

On August 15, 1931, federal prohibition agents arrested C. H. Stephens in the act of transporting intoxicating liquor in the automobile in question. On September 4, 1931, the car was released on bond pursuant to section 26, title 2, N. P. A. (27 USCA § 40), the condition of the bond being that "the principal shall return the aforesaid conveyance or vehicle to the custody of the officer approving this bond on the day of trial to abide the judgment of the Court."

While it was thus released under bond, the same automobile was again seized on November 7, 1931, for violation of the internal revenue laws. No claimant appearing, the car was administratively sold pursuant to subsection 4 of section 3460, Rev. Stat. (26 USCA § 1193, subsec. 4).

On February 29, 1932, Stephens pleaded guilty to the charge of unlawful transportation, this being the offense in connection with which the car was originally seized on August 15, 1931, and released on bond, September 4, 1931.

Following the conviction just mentioned, the United States now moves for an order of forfeiture and sale, pursuant to section 26,

title 2, N. P. A. The motion is opposed by the surety on the bond of September 4, 1931, upon the ground that performance of the bond has been rendered impossible by an act of the law, namely, the subsequent administrative sale of the automobile by the same sovereign which now seeks its forfeiture for the first offense. The contention is, perhaps, premature, but the time of both court and litigants will probably be conserved by now disposing of the question of law involved.

▆ Bail will be exonerated where performance of the condition is rendered impossible by the act of God, the act of the obligee, or the act of the law. Taylor v. Taintor, 16 Wall. 366, 370, 21 L. Ed. 287. The objecting surety here claims to be within the two last-named conditions.

In Taylor v. Taintor, supra, it is said that "if the impossibility [of performance] be created by the obligor or a stranger, the rights of the obligee will be in nowise affected. People v. Bartlett, 3 Hill [N. Y.] 570. And there is 'a distinction between the act of the law proper and the act of the obligor, which exposes him to the control and action of the law.' U. S. v. Van Fossen, 1 Dill. 409 [28 Fed. Cas. 358, No. 16607]. While the former exonerates, the latter gives no immunity. It is the willing act of the obligor which creates the obstacle, and the legal effect is the same as of any other act of his, which puts performance out of his power." Though Taylor v. Taintor concerned a personal recognizance bond, the principle just quoted therefrom is determinative of the question now at bar.

▆ When a surety, pursuant to section 26, tit. 2, N. P. A., undertakes that the bonded car shall be forthcoming on the day of trial, he assumes the hazards of the use made of the car by those to whom the surety intrusts it between the time of its release and the day of trial. If the car be stolen, or if it be retaken by a conditional vendor, or if it be destroyed by the culpable act of the principal, it would hardly be contended that the surety is exonerated. Why, then, should the surety be relieved because one to whom his principal has intrusted it has again subjected it, by his voluntary unlawful act, to the penalties prescribed for illicit use? Pendency of a release bond in one case against a vehicle does not render the vehicle immune from action for other offenses. U. S. v. Haytian Republic, 154 U. S. 118, 14 S. Ct. 992, 38 L. Ed. 930. No more should the surety on the release bond be relieved of his obligation because of the legal consequences which follow the vehicle's subsequent offenses. Any other rule would result in grave mischiefs.

If a sale of the vehicle for a subsequent violation of the law exonerated a surety who bonded out the car under a prior charge, then a car, by successive bondings, might be kept indefinitely in an illicit trade until the United States finally effected its sale for some one of the offenses, whereupon, the sureties on all other bonds would stand relieved of their obligation, a situation not only anomalous but subversive of law enforcement. The rule which relieves an obligor on account of impossibility of performance due to an "act of the law," does not contemplate an act precipitated solely by the subsequent unlawful use of the bonded vehicle. A contrary rule would enable an obligor to occupy the strange position of pleading the consequences of a subsequent unlawful use of the vehicle in exoneration of his obligation.

In the case under consideration, there is no showing that the subsequent seizure and sale was unlawful, nor that it was brought about merely to thwart or harass the obligors in the performance of their obligation. Impossibility of performance is occasioned, not by an act of the law sua sponte, but rather by a subsequent unlawful use of the car which exposes it to the further act of the law. Thus, it is by the obligor's own act, or by the act of some person or agency on his behalf, which renders performance of the bond impossible. The principal could not in these circumstances exonerate himself, and what will not avail the principal cannot avail his sureties. Therefore, the surety's objection to the entry of an order of forfeiture and sale is overruled. U. S. v. Fiedler (D. C.) 37 F.(2d) 578; U. S. v. Fiedler (D. C.) 45 F. (2d) 874; 9 C. J. 131; 6 C. J. 919, 1026, 1034. See, also, U. S. v. One Ford Automobile (D. C.) 18 F.(2d) 338.

In cases of personal recognizances, where the principal, for some other offense, is recommitted to the custody of the same sovereign to whom the recognizance is executed, some courts hold that the former bond is exonerated, while others hold that it should be respited. This is because the offending principal continues available to that sovereign for the ultimate execution of its process in all the cases. Here, however, the subsequent sale of the car, occasioned by the willing act of the obligors, effectually and permanently takes the car out of the sovereign's

custody, thus placing it beyond the power of the sovereign to subject the car to its processes in expiation of the former offense, for which purpose the surety has obligated himself to have the car forthcoming.

Motion for order of forfeiture and sale is granted.