## UNITED STATES v. WARNELL et al.
### No. 7031.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1933.

M. S. McCorquodale, Asst. U. S. Atty., of Houston, Tex.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This suit was instituted February 6, 1932, against Warnell and his sureties on a release bond to recover $1,000, the full penalty of the bond. Warnell was served by publication; the sureties personally. They appeared defending on the ground that on October 13, the day the cause was set for trial, the sureties had directed Warnell, who had the car in his possession, to deliver it into the custody of the Administrator as required by the bond, and that subsequently he had told them that he did so deliver it. That on October 21st the Administrator had possession of the car, and on November 27 he had delivered it on bond to the Johnson Motor Company. That in effect the car is now in the possession of the United States. The agreed facts are: On February 2, 1931, the car being in the possession of the Deputy Prohibition Administrator, a libel of forfeiture for violation of the Prohibition Act was filed on an automobile which had been seized from one George Warnell. On March 2, Warnell and the two appellees as sureties obtained a release of the car by executing and delivering to the Administrator the bond required for its release. This bond, after describing the vehicle and reciting its due seizure under the National Prohibition Act, section 41, Title 27 USCA, provided:

"Now Therefore, the condition of this obligation is such, that if the said principal shall return the aforesaid conveyance or vehicle to the custody of the officer approving this bond on the day of trial to abide the judgment of the court; and, in case the said property shall be forfeited to the United States, or the court shall order a sale of said conveyance or vehicle, that if the said principal shall pay the difference between the val-

ue of said vehicle or conveyance at the time of the execution hereof, which is hereby stipulated to be one half of the penal sum of this bond, and its value on the date of its return as aforesaid, less depreciation due to reasonable wear and tear of ordinary use, and the said principal shall pay off any liens or encumbrances thereon except the following liens heretofore existing, namely,

"Mortgage to Johnson Motor Company to secure payment of twelve (12) Notes of $25.00 each, all dated November 15th, 1930, then this obligation to be void, otherwise to remain in full force and effect."

On May 11 the libel of forfeiture filed before the car was bonded, was dismissed.

On October 13, the date set for the trial of Warnell, though he was convicted for the offense of transporting intoxicating liquor in the bonded car, it was not delivered as it had been agreed in the bond it would be. On October 21 the car was again seized for the unlawful transportation in it of intoxicating liquor. This time one George Paroni was in it, and he was later, on March 7, 1932, convicted in the federal court of the offense. The car was again bonded out of the possession of the Deputy Administrator, by the Johnson Motor Company, the lienholder, this time for $500. The district judge thought that the action of the Prohibition Administrator in releasing the car after the second seizure, coupled with the absence of proof that either Warnell or the sureties were complicit in the second illegal transportation, had operated to release the sureties, and he gave judgment for them.

■■ We do not think he was right. It is no doubt true that the sureties on a forthcoming bond for property are discharged just as those on a personal recognizance bond are, by an act of the obligee or of the law without fault on the part of the obligors which prevents performance. Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287; Beavers v. Haubert, 198 U. S. 77, 25 S. Ct. 573, 49 L. Ed. 950. No such situation is presented here. The seizure and release of the car complained of as releasing the sureties could not have caused or contributed to their failure to comply with their bond, for these took place after the bond was in default. Besides, upon the pleading and proof the car was in the custody of Warnell on or about October 13, and in the absence of proof to the contrary, it must be presumed that the second illegal use of the car was with Warnell's knowledge and connivance. It will therefore not do for the sureties, obligated as they are to return the car to abide the judgment of the court and to pay the difference between its appraised value, and its value when returned, if the car is ordered forfeited, to say, as these do here: "Because we told Warnell to return the car, and because after the return day, having become involved in another illegal act and seized, and no owner appearing to claim it, it was bonded to the lienholder we are no longer liable." This view would make the government, which has surrendered possession, instead of the sureties and their principal, to whom possession has been surrendered, the keeper of the car, responsible for its legal use and ultimate surrender back. This is not a reasonable view. The surrender of the car to abide the judgment of the court, and the payment of the difference between its appraised value and its value then ascertained, if forfeited, which the sureties had it in their power to do, would have exonerated them; less than that will not do so.

The District Courts generally have held that a subsequent seizure, made even before the car is due to be returned, does not discharge the sureties, as they have also held that the act of a stranger, or any misfortune short of an act of God, will not. U. S. v. Stephens (D. C.) 1 Fed. Supp. 33; U. S. v. Fiedler (D. C.) 45 F.(2d) 874; The Patricia (D. C.) 1 Fed. Supp. 807; U. S. v. Fiedler (D. C.) 37 F.(2d) 578; U. S. v. One Ford (D. C.) 18 F.(2d) 338.

■ It does not follow, however, that the United States should have had, or on another trial should have, judgment for the penalty of the bond. The bond in this case was not for liquidated damages. It was for indemnity. It guaranteed the United States against loss from letting the car out on bond. It obligated the principal and the sureties to make the United States whole against loss. It obligated them no further. U. S. v. Zerbey, 271 U. S. 332, 46 S. Ct. 532, 70 L. Ed. 973; U. S. v. Randall (C. C. A.) 58 F.(2d) 193. Had the car been surrendered and ordered forfeited, payment of the value difference would have indemnified the government. Had it been surrendered and not forfeited, the bond would have been discharged. It not having been surrendered, the bond stands for the value of what was lost by the failure to surrender, and for no more.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.