142 So.2d 260

**P. T. FERGUSON et al.**

v.

**STATE ex rel. Jack M. BAINS, County Solicitor.**

6 Div. 780.

Supreme Court of Alabama.

March 22, 1962.

Rehearing Denied June 21, 1962.

Embry & Whitten, Pell City, and Fred Blanton, Birmingham, for appellants.

MacDonald Gallion, Atty. Gen., and Winston Huddleston, Sp. Asst. Atty. Gen., for appellee.

LAWSON, Justice.

On May 19, 1960, law enforcement officers of Blount County seized a 1955 Ford truck while it was being used in the transportation of prohibited liquors within that county. A condemnation proceeding was instituted on May 25, 1960, under the provisions of § 247, as amended, and § 248, Title 29, Code 1940.

On June 8, 1960, the truck was released on bond to one J. B. Wise, who claimed to be its owner, pursuant to § 249, Title 29, Code 1940, the condition of the bond being that: "If said property is condemned and forfeited by judgment of condemnation of said Court, the said J. B. Wise will deliver the

same to the Sheriff of said County within fifteen days from the date of such judgment of condemnation, and will pay any difference between the value of the property at the time of the seizure and the date of delivery to the Sheriff after condemnation. [sic] This obligation to be void, but upon failure to deliver said property and pay such difference in the value, this obligation is to remain in full force and effect." The bond was signed by J. B. Wise, P. T. Ferguson, Theodus Smith and Fred Beason.

While it was thus released under bond, the same Ford truck was seized by the Sheriff of St. Clair County while illegally transporting prohibited liquors in St. Clair County. Condemnation proceeding was instituted in St. Clair County on or about March 7, 1961. On March 27, 1961, the St. Clair County authorities released the truck to J. B. Wise on bond pursuant to § 249, Title 29, Code 1940, the condition of the bond being substantially the same as that previously executed in Blount County. The bond was signed by J. B. Wise and two other individuals.

On June 6, 1961, the said Ford truck was delivered to the Sheriff of St. Clair County by one of the individuals who had executed the St. Clair County bond with Wise on March 27, 1961.

On June 9, 1961, the Circuit Court of Blount County, in Equity, rendered a decree condemning the truck and forfeiting it to the State of Alabama. The decree of June 9, 1961, contained the following provision:

"It is further ordered that after the expiration of fifteen days from the date of this decree the sheriff of Blount County shall report to this Court whether or not said Ford Truck has been delivered by the said J. B. Wise or anyone else, and that all further orders with reference to a sale of said vehicle, or proceedings on the bond, be reserved until after the report of the sheriff aforesaid."

Thereafter, on June 16, 1961, Ferguson, Smith and Beason, who had executed the Blount County bond with J. B. Wise on June 8, 1960, filed their "Motion to Relieve Sureties on Bond," wherein they alleged that the truck was in the hands of the Sheriff of St. Clair County as shown above and further averred that they will remain unable to comply with the terms of the bond which they executed or with the terms of the decree rendered by the Blount County Circuit Court, in Equity, on June 9, 1961. The special prayer of the motion was that the movants "be relieved of their obligations as sureties on said forthcoming bond, except as to the difference in value, if any, pursuant to Title 29, Section 249, Code of Alabama 1958 [sic]." There was also a prayer for general relief.

A hearing was had on the "Motion to Relieve Sureties on Bond" on June 26, 1961. On June 27, 1961, the Sheriff of Blount County reported to the Register and to the Circuit Court of Blount County, in Equity, that the persons who executed the Blount County bond on June 8, 1960, had failed to deliver the truck in accordance with the terms of the decree of June 9, 1961.

On July 11, 1961, the Circuit Court of Blount County, in Equity, rendered a decree which reads in part as follows:

"It is therefore ordered, adjudged and decreed by the Court that that certain bond given by J. B. Wise, as principal, and P. T. Ferguson, Theodus Smith and Fred Beason are [sic] sureties, in the amount of $1600.00, conditioned on the delivery of one 1955 model Ford truck, Serial Number F61Z5A20683 within fifteen days after a judgment of condemnation and forfeiture of said truck, be and the same is forfeited to the State of Alabama, and the Register of this Court is hereby ordered and directed to issue execution thereon against the principal and his sureties for the amount of the value of such property, to-wit $800.00."

From that decree Ferguson, Smith and Beason appealed to this court.

It is settled law in this state, as well as many other jurisdictions, that sureties on a bail bond can only be discharged from liability by the appearance of their principal according to the condition of the recognizance or by some intervening act of God, or of the law of the state, or of the obligee which renders the performance of that condition impossible. Ringeman v. State, 136 Ala. 131, 34 So. 351, and cases cited. The appellants here claim to be within the two last-named conditions

It is no doubt true that the sureties on a forthcoming bond for property are discharged just as those on a personal recognizance bond are by an act of the obligee or of the law without fault on the part of the obligors which prevents performance. United States v. Warnell, 5 Cir., 67 F.2d 831. No such situation is presented here.

When a surety, pursuant to § 249, Title 29, Code 1940, undertakes that the bonded vehicle shall be forthcoming within fifteen days from an order of condemnation, he assumes the hazards of the use made of the vehicle by those to whom it is entrusted between the time of its release and the time it must be delivered in the event of an order of condemnation. If the vehicle be stolen or if it be retaken by a conditional vendor, or if it be destroyed by the culpable act of the principal, it would hardly be contended that the surety is exonerated.

Why, then, should the surety be relieved because one to whom his principal has entrusted the property has again subjected it, by his voluntary unlawful act, to the penalties prescribed for illicit use?

If a sale of the vehicle for a subsequent violation of the law exonerated a surety who bonded out the vehicle under a prior charge, then a vehicle, by successive bondings, might be kept indefinitely in an illicit trade until the State finally effected its sale for some one of the offenses, whereupon the sureties on all other bonds would stand relieved of their obligation, a situation not only anomalous but subversive of law enforcement.

The rule which relieves an obligor on account of impossibility of performance due to an "act of the law" does not contemplate an act precipitated solely by the subsequent unlawful use of the bonded vehicle. A contrary rule would enable an obligor to occupy the strange position of pleading the consequences of a subsequent unlawful use of the vehicle in exoneration of an obligation.

Impossibility of performance was occasioned, not by an act of the law *sua sponte,* or by an act of the State of Alabama, the obligee, but rather by a subsequent unlawful use of the truck which exposed it to the further act of the law of the obligee, the State of Alabama. Thus it is by the obligor's own act, or by the act of some person or agency on his behalf, which renders performance of the bond impossible. The principal could not in these circumstances exonerate himself, and what will not avail the principal cannot avail his sureties.

We hold that the appellants were not entitled to be relieved of their obligations under the bond in question and that the decree appealed from is due to be affirmed. This conclusion is in accord with that reached in the cases hereinafter cited wherein the facts were almost identical with those presented here. United States v. Stephens, D.C., 1 F.Supp. 33; United States v. Warnell et al. (5th Cir.), 67 F.2d 831; United States v. Fiedler, D.C., 45 F.2d 874.

Our holding is also in accord with the rule in this state in cases of personal recognizances where the principal is unable to appear because of his being held elsewhere for the commission of some other unlawful act. Jordan v. Knight, 250 Ala.

109, 35 So.2d 178, and cases cited. See also Cain v. State, 55 Ala. 170.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.