■ ABE STEINBRECHER, Respondent-Appellant, v. PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant-Respondent.— Order entered February 16, 1966 unanimously modified, on the law, to the extent of granting defendant's cross motion for summary judgment dismissing the complaint and, as so modified, affirmed, with $50 costs and disbursements to defendant-appellant-respondent. Appeal from order entered April 22, 1966 unanimously dismissed as academic, without cost and without disbursements. In 1959 plaintiff commenced an action against one Wapnick for fraud and deceit. Simultaneously therewith an order of arrest was served (Civ. Prac. Act, § 826). Wapnick was released when the defendant herein, as surety, executed an undertaking

in the sum of $33,925. That instrument, so far as here material, provided that Wapnick would "at all times render himself amenable to any mandate which may be issued to enforce final judgment against him in [the] action." In 1961 plaintiff obtained judgment against Wapnick in a sum in excess of the amount specified in the undertaking and that judgment was affirmed by this court (20 A D 2d 969). Meanwhile and in February, 1962 Wapnick was convicted of criminal charges in a United States District Court and was confined in a Federal penitentiary from July, 1963 to February, 1966. Plaintiff having failed to collect the money judgment from Wapnick commenced this action against the surety seeking to recover the penal sum of the undertaking. The gravamen thereof was that the surety had breached its promise that Wapnick would at all times render himself amenable to process to enforce the final judgment. "The general rule is that if the principal on a bail bond given in a civil action is in prison for a criminal or other charge at the time designated for his appearance, the bail cannot be held liable for a failure to produce him". (8 Am. Jur., 2d Bail and Recognizance, § 195; *Yancey* v. *Lowe*, 47 N. J. Super. 86.) See, also, *People* v. *Tubbs*, 37 N. Y. 586; *People* v. *Peerless Ins. Co.*, 21 A D 2d 609, 618. It follows that the condition of the bond was impossible of performance by defendant while Wapnick was incarcerated. Moreover, it is not disputed that Wapnick has been at liberty and residing in this State for the past year. Thus, he has been available during that time so that plaintiff could pursue available procedures for satisfaction of the judgment. Concur — Steuer, J. P., Capozzoli, Tilzer, McNally and Bastow, JJ.